2006 ME 92

**William P. JOHNSON**

v.

**CITY OF AUGUSTA.**

Supreme Judicial Court of Maine.

Argued: July 19, 2006.
Decided: July 28, 2006.

Eric M. Mehnert, Esq. (orally), Hawkes & Mehnert, Bangor, for the plaintiff.

Stephen E.F. Langsdorf, Esq. (orally), Jonathan G. Mermin, Esq., Preti, Flaherty, Beliveau, Pachios & Haley, Portland, for the defendant.

Kristin M. Collins, Esq., Maine Municipal Association, Augusta, for Amicus Curiae.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] The City of Augusta appeals from a preliminary injunction issued by the Superior Court (Kennebec County, *Marden, J.*), ordering the Augusta City Clerk to print and deliver for circulation initiative petitions for three proposed ballot questions, applications for which had been signed by William P. Johnson and others. The court held that the Augusta City Charter is unconstitutional insofar as it allows the city council to exercise discretion whether to issue initiative petitions. The City argues that the case is not ripe for adjudication because the city council has not yet made a decision whether to issue the petitions. We agree that the court's action was premature and vacate the injunction.

## I. BACKGROUND

[¶ 2] On April 27, 2006, proponents of three proposed initiative questions filed applications for the issuance of initiative petitions with the Augusta City Clerk. Each application included the signatures of at least ten voters registered in Augusta, as required by the city charter. William P. Johnson was one of the signers of each application. The proposed initiative questions were as follows:

1. Shall it be ORDERED that the City preserve all of the Cony High School site, which includes the "Flatiron" Building, for use by the citizens of Augusta according to the deeds restrictions, for "education, athletic field or playground and pleasure ground["]?

2. Shall it be ORDERED that all rezoning, changing from one zone to another zone (Example: residential zone to a commercial zone) be submitted to the voters of Augusta for final approval?

3. Shall it be ORDERED that all rezoning, changing from one zone to another zone (Example: residential zone to a commercial zone) which the City Council passes be submitted to the voters for final approval?

[¶ 3] The clerk accepted the applications and put them on the agenda of the next city council meeting, on May 1.[1] At the

---

1. Section 6(d) of article V–A of the Augusta City Charter provides in relevant part:

   Upon the request of the above-mentioned ten (10) qualified voters of the city made in writing, the clerk shall introduce on the agenda of the next regular meeting of the city council a copy of the application and a copy of the proposed ordinance, order, or initiative to be used for invoking initiative or referendum consideration. The city council shall cause such application and the copy of the proposed ordinances, order, or resolve to be submitted for review by corporation counsel. Corporation counsel

May 1 meeting, the council submitted the applications to corporation counsel for review, as required by the city charter. Counsel delivered his legal opinions on the proposed questions at the next city council meeting on May 15. Counsel opined that the first question does not violate applicable law, but that the language of the charter gives the council discretion whether to issue petitions. Counsel also opined that the second and third questions violate the city charter. It appears that the city council then scheduled an informational meeting for May 22 to discuss corporation counsel's opinions. The council took no vote at the May 15 meeting on whether to issue the petitions.

[¶ 4] On May 18, Johnson filed a complaint in Superior Court, seeking an order requiring the City to print and issue the petitions on the three initiative questions. On May 22, Johnson filed a motion for a preliminary injunction, and the court promptly held a hearing. The court ruled that insofar as the initiative and referendum process in the charter granted discretion to the council to infringe the people's right to petition their government, it was unconstitutional. The court ordered the city clerk to print the petitions, thereby granting Johnson's motion for a preliminary injunction.

[¶ 5] The City appealed, and we granted the City's request to expedite the appeal.

## II. DISCUSSION

[¶ 6] The City argues that the complaint is for review of governmental action and because the city council has not yet acted on Johnson's applications, the case is not ripe for review of that action. The City asserted a lack of ripeness in its answer and its opposition to the motion for a preliminary objection.

[¶ 7] Ripeness is a question of law that we review de novo. *Waterville Indus., Inc. v. Fin. Auth. of Me.*, 2000 ME 138, ¶ 22, 758 A.2d 986, 992. Generally speaking, a case is ripe "when there exists a genuine controversy between the parties that presents a concrete, certain, and immediate legal problem." *Id.* (quotation marks omitted). Preventing judicial entanglement in abstract disputes, avoiding premature adjudication, and protecting agencies from judicial interference until a decision with concrete effects has been made are principles underlying the ripeness doctrine.[2] *Me. AFL–CIO v. Superintendent of Ins.*, 1998 ME 257, ¶ 7, 721 A.2d 633, 635.

shall submit to the city council at its next regular meeting a written opinion that the proposed ordinance, order, or resolve is not in conflict with the general laws or the Constitution of Maine or Charter or ordinances of the City of Augusta. In the event that corporation counsel's opinion is that the proposed ordinance, order or resolve is in conflict with the general laws or the Constitution of Maine or Charter or ordinances of the city, the city council at its option may refuse to issue petitions regarding said proposed ordinance, order or resolve or vote to issue petitions notwithstanding the written opinion of corporation counsel. In the event corporation counsel gives an opinion that the proposed ordinance, order, or resolve is not in conflict

with said laws, the city council should vote to issue petitions regarding the proposed ordinance, order or resolve.

2. Avoiding premature adjudication is also a policy contained in the doctrine of primary jurisdiction. That doctrine is applied to allow an agency charged with making a decision the opportunity to do so before a court disrupts the agency process. *See Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 77–78 (Me.1980). Whether we consider the court action here as an issue of ripeness or primary jurisdiction, the salient fact is that the council had begun, but not yet completed, the process set forth in its charter.

[¶ 8] With regard to ripeness, we focus both on the fitness of the issue for judicial review and any hardship caused to the parties from the withholding of adjudication. *Me. Pub. Serv. Co. v. Pub. Utils. Comm'n*, 490 A.2d 1218, 1221 (Me.1985); *see also Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003). When, as here, the dispute involves a municipal charter or ordinance, fitness for judicial review requires a legal dispute regarding that charter or ordinance, *see Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *see also Me. AFL–CIO*, 1998 ME 257, ¶ 7, 721 A.2d at 635, and the legal dispute has to be concrete and specific with a "direct, immediate and continuing impact" on the affected party, *id.* ¶ 8, 721 A.2d at 636 (quotation marks omitted). The hardship inquiry likewise requires adverse effects on the plaintiff, *see Nat'l Park Hospitality Ass'n*, 538 U.S. at 809, 123 S.Ct. 2026 and speculative hardships do not suffice to meet this requirement, *Me. AFL–CIO*, 1998 ME 257, ¶ 9, 721 A.2d at 636.

[¶ 9] In this case the challenged action by the City is the failure of the city council to act on the applications immediately upon receipt of counsel's opinions at the May 15 meeting. Johnson equates the council's inaction or delay with a denial of the applications to obtain the petitions necessary for the initiative process. He also seems to argue that the opinions of corporation counsel are in themselves sufficient action to make the dispute ripe.

[¶ 10] In order to find the matter fit for judicial review, we would have to assume that the council will deny the applications, that corporation counsel's opinions are equivalent to action by the City, or that the delay is itself a sufficient adverse impact on Johnson. None of these assumptions is appropriate on the present record. At this point, we could only speculate whether the city council will decide to grant or deny the applications. That decision under the charter belongs to the city council, which is not bound by corporation counsel's opinions. At the time of the filing of the complaint only three days had elapsed after the council received corporation counsel's opinions. In the absence of any evidence that the council failed to act for an unreasonable time or for purposes of delay, we cannot say that Johnson suffered a sufficient hardship to make the case fit for judicial review.

[¶ 11] The Superior Court's award of a preliminary injunction in this matter was therefore premature. There is as yet no governmental action for the court to review, and we vacate the court's order without considering the merits of Johnson's claim.

The entry is:

Preliminary injunction vacated.