STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-09-605
                                                  TDW-CUM 12/23/20~~

MACIMAGE OF MAINE LLC.

        Plaintiff,

                                          ORDER                    ~~ DEC '09 AM 8:05~~

ANDROSCOGGIN COUNTY, et al.,

        Defendants.

        In the wake of the court's decision in a previous Freedom of Access suit brought

by plaintiff MacImage of Maine LLC against Hancock County,[1] MacImage has brought

this Freedom of Access suit against 12 additional counties seeking access to the

computer database of records maintained by each county's registry of deeds on

essentially the same terms ordered by the court in the Hancock county case.

        Currently before the court are three sets of motions: (1) a motion by MacImage

for a TRO and Preliminary Injunction; (2) a motion by MacImage for an expedited trial

de novo and an order specifying the future course of proceedings; (3) motions to

dismiss filed by Aroostock, Knox, Waldo, Cumberland, Lincoln, Washington, Somerset,

York, Penobscot, and Androscoggin counties. The two remaining county defendants,

Franklin and Sagadahoc, have filed a motion for summary judgment but the time in

which MacImage may oppose that motion has not expired.

        The ten counties that have filed motions to dismiss all take the position that there

has been no denial and that there is currently no justiciable case or controversy. As far

as the court can tell, nine of those counties also argue that there has been no final

---

[1] MacImage of Maine LLC v. Hancock County, CV-08-589 (Superior Court Cumberland County,
order filed September 1, 2009). See also order filed on May 20, 2009 granting a preliminary
injunction in the same case.

agency action because those counties are currently considering the court's decision in the Hancock County case and are deciding how to revise their fee schedule for copies of registry records maintained in their computer databases in light of that decision. The remaining county (Penobscot) has asserted that it has not denied access to the requested records but essentially maintains that it is not obligated to make the records available in the format requested by MacImage.

The court previously held a scheduling conference and issued a scheduling order on December 11, 2009.

For the following reasons the court denies MacImage's motion for a TRO, rules that MacImage's motion for a preliminary injunction should be consolidated with the trial on the merits, and denies the counties' pending motions to dismiss

1. Unlike the situation in the Hancock County case, the issuance of a TRO or preliminary injunction in this case would not maintain the status quo. Instead, it would provide MacImage with all of the relief that it is seeking. MacImage has not demonstrated any irreparable harm, and while irreparable harm is not necessary for injunctive relief under the Freedom of Access law, the absence of such harm counsels against entering a temporary restraining order or preliminary injunction that would provide MacImage with the relief it seeks before defendants have had an adequate opportunity to be heard.

2. The counties who are the named defendants in this action were not parties to the Hancock County case and are not bound by the court's decision in that case. Given the governmental responsibilities involved and the needs of county governments to comply with a public process in setting their fees, the court cannot determine on this record that the counties which are still studying the issue have thus far taken an unreasonable time to determine how to respond to MacImage's request.

2

3. This is particularly true because, as pointed out by counsel for Androscoggin County, all of MacImage's freedom of access requests to the defendant counties stated that the counties "should provide a cost estimate <u>prior to doing any work</u> if the total cost of this request will exceed $100.00" (emphasis added). The nine counties which have stated that they are in the process of revising their fees in light of the Hancock County case can state with considerable justification that they are not yet in a position to provide a cost estimate and that as a result, under the express terms of MacImage's FOA request, they are not yet required to provide any records.

4. At the same time the court is not prepared to grant the motions to dismiss filed by Aroostock, Knox, Waldo, Cumberland, Lincoln, Washington, Somerset, York, and Androscoggin. MacImage has not yet received the records requested in the format it is seeking, and the counties have not yet determined their fees. The court cannot exclude the possibility that the counties will delay their response beyond a reasonable time or will impose an unreasonable fee that would effectively constitute a denial.[2] On the face of the complaint, therefore, MacImage has stated a claim for relief.

5. As far as the court can tell, the three remaining counties – Penobscot, Franklin, and Sagadahoc – are not contemplating a revision of their fee schedule. Penobscot, however, has asserted that it cannot provide its records in the format requested by MacImage "without investing in substantial software upgrades at considerable cost to the county." While the Freedom of Access law may require that records, including computer records, be translated into a format usable by the requestor (if the requestor

---

[2] Defendants argue that because they have not taken a final position as to the fees to be charged, this case should be dismissed as premature under <u>Johnson v. City of Augusta</u>, 2006 ME 92, 902 A.2d 855. <u>Johnson</u> did not involve a Freedom of Access request or a requirement that records be produced within a reasonable time. Practical considerations also counsel against dismissing cases that will be promptly refiled if there is additional delay or if MacImage takes issue with the fee structure thereafter adopted.

pays the actual cost of translation), 1 M.R.S. § 408(3)(C), a substantial and costly software upgrade of the kind described by Penobscot County may go beyond the meaning of "translation." This creates an issue of fact that cannot be resolved short of an evidentiary hearing.[3]

6. Franklin and Sagadahoc Counties are in a different category. They have not filed motions to dismiss but they have opposed MacImage's motion for a preliminary injunction on the stated ground (contrary to the position taken by the other defendants) that the Freedom of Access Law does not apply to the registry databases. For purposes of MacImage's motion for a TRO and Preliminary Injunction and for the reasons stated in the court's Hancock County decisions, the court concludes that MacImage has shown a likelihood of success on that issue.

7. Franklin and Sagadahoc also contend that the entire amount of public moneys that they have spent since they began using an electronic database to store registry records "fairly represents the cost to the public of the copies that MacImage is seeking." For the reasons stated in the Hancock County decisions, the court concludes that MacImage has shown a likelihood of success that the entire amount Franklin and Sagadahoc have spent on their databases from the time those databases have been instituted does not constitute "a reasonable fee" for making copies from the registry records within the meaning of 33 M.R.S. § 751(14).

8. However, the existing record does not reveal what amounts Franklin and Sagadahoc are charging for copies on a per page or per document basis and the court has no basis in this record to conclude preliminarily or otherwise that those amounts are unreasonable. Indeed, as far as the court can tell, the actual responses made by

---

[3] If Penobscot has the ability to provide records in the format requested by MacImage notwithstanding its assertion to the contrary, MacImage may be entitled to relief under the Freedom of Access Law. Penobscot's motion to dismiss is therefore denied.

4

Franklin and Sagadahoc to MacImage's FOA requests are not currently contained in the record. In addition, Franklin and Sagadahoc have raised some additional arguments in their motion for summary judgment, and the court will consider those arguments (and reconsider its decisions in the Hancock county case to the extent such reconsideration is warranted) before ruling on MacImage's requests for preliminary or final relief against Franklin and Sagadahoc.

9. The Freedom of Access law provides that FOA cases are privileged in their assignment for trial. 1 M.R.S. § 409(1). While this contemplates an accelerated trial, it does not necessarily mean that a Freedom of Access requestor is also entitled to further accelerate the process by requiring the court to consider a preliminary injunction separately from the trial on the merits. This is true with respect to FOA cases generally and is particularly true in this case for two reasons: (1) this is an extremely complex case in which 12 separate governmental entities have been sued seeking thousands of computerized records; and (2) MacImage is not a citizen seeking information about the actions of government but is a business enterprise seeking to obtain registry records for commercial purposes. This in no way disqualifies MacImage from obtaining relief to which it would otherwise be entitled under the Freedom of Access law, but it is relevant in weighing MacImage's entitlement to urgent treatment.

10. Consolidating MacImage's request for a preliminary injunction with the trial on the merits makes sense for a number of reasons: (1) if MacImage is granted the preliminary injunction it has requested, it will have received complete relief in this action and there will be little or no point in proceeding to a trial on the merits; (2) if MacImage's motion for a preliminary injunction is denied in whole or in part, a subsequent trial on the merits will simply rehash most or all of the same ground; and (3) scheduling the preliminary injunction and the trial on the merits together will give

5

the counties who are studying their fee schedule sufficient time to arrive at a final position.

11. Setting this case for trial during the court's next civil term (March 2010 through May 2010) will allow the parties an abbreviated period for discovery. The parties are therefore directed to confer in an attempt to agree on a scheduling order by January 6, 2010. If no agreement can be reached, the parties shall submit their respective proposed scheduling orders by January 11, 2010. If any party contends that discovery cannot be completed in time to allow trial to take place during the next trial term, that party should set forth the basis for that contention.

12. The foregoing presumes that the respective counties that are currently assessing their fee structures will do so promptly. At the December 11, 2009 scheduling conference counsel estimated that the counties expected to follow the necessary procedures to arrive at a fee structure either in the near future or by the beginning of February at the latest. The court understands that governmental actions can take time and that there are applicable requirements, such as public hearings, that must be followed. However, as time passes, MacImage's arguments that there has been unreasonable delay and that the court should review the validity of the county's existing fee structure and not any possible future amendments to those fees gain strength.

The entry shall be:

Plaintiff's motion for a TRO is denied. Plaintiff's motion for a preliminary injunction will be consolidated with the trial on the merits pursuant to Rule 65(b)(2) and the trial on the merits will accordingly be advanced. The court reserves decision on plaintiff's motion for an expedited scheduling order and its motion to specify the future course of proceedings until the parties have had an opportunity to be heard with respect to scheduling in light of this order. The motions to dismiss by Aroostock, Knox, Waldo, Cumberland, Lincoln, Washington, Somerset, York, Penobscot, and Androscoggin counties are denied.

6

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 2009

Thomas D. Warren
Justice, Superior Court

Attorney for: KNOX COUNTY
PETER MARCHESI - RETAINED 11/23/2009
WHEELER & AREY PA
27 TEMPLE ST
PO BOX 376
WATERVILLE ME 04903-0376

LINCOLN COUNTY - DEFENDANT

,

Attorney for: LINCOLN COUNTY
NATALIE BURNS - RETAINED 11/25/2009
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

PENOBSCOT COUNTY - DEFENDANT

,

Attorney for: PENOBSCOT COUNTY
EDWARD W GOULD - RETAINED 12/11/2009
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

SAGADAHOC COUNTY - DEFENDANT

,

Attorney for: SAGADAHOC COUNTY
FRANK UNDERKUFFLER - RETAINED 11/24/2009
LAW OFFICE OF FRANK UNDERKUFFLER
116 MAIN STREET
FARMINGTON ME 04938-1818

SOMERSET COUNTY - DEFENDANT

,

Attorney for: SOMERSET COUNTY
MICHAEL HODGINS - RETAINED 12/10/2009
BERNSTEIN SHUR SAWYER & NELSON
146 CAPITOL ST
PO BOX 5057
AUGUSTA ME 04332-5057

WALDO COUNTY - DEFENDANT

,

Attorney for: WALDO COUNTY
JAMES KATSIAFICAS - RETAINED 11/23/2009
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA SUITE 900
PO BOX 426
PORTLAND ME 04112-0426

WASHINGTON COUNTY - DEFENDANT

,

MACIMAGE OF MAINE LLC - PLAINTIFF

Attorney for: MACIMAGE OF MAINE LLC
SIGMUND D SCHUTZ - RETAINED 11/10/2009
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

VS

ANDROSCOGGIN COUNTY - DEFENDANT

,

Attorney for: ANDROSCOGGIN COUNTY
KELLY HOFFMAN - RETAINED 12/01/2009
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

Attorney for: ANDROSCOGGIN COUNTY
BRYAN DENCH - RETAINED 12/02/2009
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

AROOSTOOK COUNTY - DEFENDANT

,

Attorney for: AROOSTOOK COUNTY
PETER MARCHESI - RETAINED 11/23/2009
WHEELER & AREY PA
27 TEMPLE ST
PO BOX 376
WATERVILLE ME 04903-0376

CUMBERLAND COUNTY - DEFENDANT

,

Attorney for: CUMBERLAND COUNTY
PATRICIA DUNN - RETAINED 11/25/2009
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

FRANKLIN COUNTY - DEFENDANT

,

Attorney for: FRANKLIN COUNTY
FRANK UNDERKUFFLER - RETAINED 11/24/2009
LAW OFFICE OF FRANK UNDERKUFFLER
116 MAIN STREET
FARMINGTON ME 04938-1818

KENNEBEC COUNTY-DISMISSED - DEFENDANT

,

KNOX COUNTY - DEFENDANT

Attorney for: WASHINGTON COUNTY
ANTHONY D PELLEGRINI - RETAINED 11/25/2009
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401

YORK COUNTY - DEFENDANT

Attorney for: YORK COUNTY
TIMOTHY O'BRIEN - RETAINED 12/11/2009
LIBBY, O'BRIEN, KINGSLEY & CHAMPION, LLC
62 PORTLAND RD
SUITE 17
KENNEBUNK ME 04043

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-09-605,
                                                  TD W -CUM-S/...

MACIMAGE OF MAINE LLC.

        Plaintiff,

                                                  ORDER

ANDROSCOGGIN COUNTY, et al.,

        Defendants.

        Before the court are three motions: (1) a motion by Franklin and Sagadahoc

Counties for summary judgment; (2) a cross-motion by plaintiff MacImage of Maine

LLC for partial summary judgment against all defendants; and (3) a renewed motion by

MacImage for a TRO and Preliminary Injunction.[1]


1. Summary Judgment Motion by Franklin and Sagadahoc Counties

        The premise of the summary judgment motion by Franklin and Sagadahoc

Counties is that the documents recorded at the county registries of deeds are not public

records subject to the Freedom of Access law. Franklin and Sagadahoc contend that the

documents in question are records of private transactions that do not fall within the

definition of "public records" in 1 M.R.S. § 402(3).

        That section defines public records subject to the Freedom of Access law as

follows:

> any written, printed or graphic matter or any mechanical or
> electronic data compilation from which information can be
> obtained, directly or after translation into a form susceptible
> of visual or aural comprehension, that is in the possession or
> custody of an agency or public official of this State or any of

---

[1] Additionally there is a motion to consolidate this case with Simpson v. Androscoggin County et al., CV-10-340, filed July 12, 2010. That motion has not been fully briefed.

> its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, <u>and has been received or prepared for use in connection with the transaction of public or governmental business</u> or contains information relating to the transaction of public or governmental business.

(emphasis added). There are 18 specified exceptions to the above definition, contained in sections 402(3)(A) through (Q). However, none of those exceptions are pertinent here with the possible exception of § 402(3)(M), which, as discussed below, may apply to a small subset of the records or information at issue.

Franklin and Sagadahoc argue that while the records in county registries are in the custody of a governmental agency, those records were not "received or prepared for use in connection with the transaction of public or governmental business." The short answer to this argument is that in recording and indexing deeds, mortgages, and other land records, the county registries are engaged in the transaction of public or governmental business. See, e.g., 33 M.R.S. § 651 (county register shall make an alphabetical index of the documents recorded). The documents submitted for recording are therefore "received . . . in connection with the transaction of public or governmental business," and the registry indices are "prepared in connection with the transaction of public or governmental business." Franklin and Sagadahoc's motion for summary judgment is denied.[2]

---

[2] Franklin and Sagadahoc also argue at some length that the court cannot grant relief in the form sought by MacImage. All decisions as to the specific form of relief that may be available are deferred until it has been determined whether and to what extent MacImage is entitled to any relief.

2

2. MacImage's Cross-Motion for Summary Judgment

In response to the motion by Franklin and Sagadahoc, MacImage has filed a cross-motion against all defendants seeking partial summary judgment declaring that all of the records sought in its Freedom of Access requests are "public records" within the meaning of 1 M.R.S. § 402(3). With the exception of Franklin, Sagadahoc, and Androscoggin, defendants have essentially responded by seeking a stay or continuance pursuant to Rule 56(f), arguing that they are not yet in a position to oppose the motion because MacImage had not, as of the date it filed its motion, designated its experts and the county defendants therefore had not yet been able to consult their own experts on the issues presented.[3]

Some of the issues on which defendants state that they are not yet in a position to oppose summary judgment do not relate to the main thrust of MacImage's motion but relate only to a small subset of the records requested. Specifically, defendants question whether MacImage's request as worded goes beyond a request for an "electronic data compilation" within the meaning of § 402(3) and instead seeks records, documents, or information covered by § 402(3)(M). The latter provision exempts from disclosure "records or information describing the architecture, design, access authentication, encryption or security of information technology infrastructure and systems."

Defendants also argue that most of the assertions contained in the statement of material facts submitted by MacImage do not relate to the "public records" issue but instead relate to the cost and feasibility of making computerized registry records available – an issue that relates to the ultimate relief sought but that is not the subject of MacImage's cross motion. The court agrees with defendants on this point. It therefore

[3]Franklin and Sagadahoc have opposed MacImage's motion on the merits, essentially reiterating the arguments made in their summary judgment motion. As far as the court can tell, Androscoggin County has not opposed MacImage's partial summary judgment motion.

3

sees no need for defendants to respond to the assertions in MacImage's statement of additional facts that are not directly material to the "public records" issue.

In addition, although this case was delayed for some months while the parties explored legislative solutions, it is now on an expedited discovery schedule with two weeks set aside for trial beginning on October 4. Under these circumstances, especially given the complexity of the case and the number of parties, requiring the defendants to respond in detail to MacImage's partial summary judgment motion would not be likely to facilitate the ultimate resolution of the case.

As far as the court can tell, reserving only (1) the arguments made by Franklin and Sagadahoc (joined by certain other counties) and (2) whether any portions of the information or records requested are exempt from disclosure under § 402(3)(M), none of the defendants has presented any opposition to MacImage's contention that the bulk of the records it has requested are "public records" within the meaning of § 402(3).

However, some defendants have requested (or have arguably requested) additional time in which to respond on the "public records" issue. Accordingly, the court orders as follows:

> 1. Any defendants who have moved for a stay or continuance in response to MacImage's motion for partial summary judgment shall have until August 20, 2010 in which to file any opposition addressed solely to the question of whether the records requested are "public records" within the meaning of § 402(3) except to the extent that they may be subject to § 402(3)(M). Such defendants shall not address the §402(3)(M) issue nor shall they address any of the issues raised by ¶¶ 5-20 and 25-30 in MacImage's June 25, 2010 Statement of Additional Material Facts.

> 2. All other issues are reserved for trial, including but not limited to the following: (a) reasonableness of the fees charged by the defendants; (b) cost and feasibility of MacImage's proposed method of access to electronic registry information; (c) whether any portion of MacImage's requests are exempt under § 402(3)(M); and (d) form and availability of any relief to be awarded if MacImage prevails.

4

3. If no further opposition is submitted by those defendants who have moved to stay or continue MacImage's motion for partial summary judgment, the court will grant partial summary judgment declaring that, with the exception of any records or information exempt under § 402(3)(M), the materials requested by MacImage constitute "public records" within the meaning of § 402(3), and reserving all other issues to trial.

4. If further opposition is submitted, MacImage shall have until August 27 to file a reply, and the court will thereafter rule on the "public records" issue, reserving the § 402(3)(M) issue and all other issues to trial.

3. <u>MacImage's Renewed Motion for TRO and Preliminary Injunction</u>

MacImage has filed a renewed motion for a TRO and preliminary injunction, seeking what it describes as more limited relief than the relief it requested in its previous TRO motion, which was denied by order dated December 22, 2009. However, the allegedly more limited relief sought by MacImage would appear to provide MacImage with most of the ultimate relief it seeks in this case. As defendants point out, the "inspection" of electronic registry records sought by MacImage would apparently give MacImage the ability to copy all of the electronic records inspected – before a final judicial determination on the merits of MacImage's claims. In addition, the county registries have not in any way denied MacImage the ability to inspect their records in the traditional manner.

Finally, although MacImage complains that some counties have not yet provided an estimate of the total cost of complying with MacImage's request, the defendants' responses indicate that MacImage has been provided with the necessary information from which the total cost may be readily calculated.

MacImage's renewed motion for a TRO and Preliminary Injunction is therefore denied.

The entry shall be:

1. The motion for summary judgment by defendants Franklin County and Sagadahoc County is denied.

2. On plaintiff's motion for partial summary judgment, those defendants who have requested a stay or continuance pursuant to Rule 56(f) shall have until August 20, 2010 in which to file any further responses limited solely to the "public records" issue as set forth above.

3. Plaintiff's renewed motion for a TRO and Preliminary Injunction is denied.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August _3_, 2010

Thomas D. Warren
Justice, Superior Court

6

---------------------------------------------------------------------------

01 0000003687          BURNS, NATALIE
     10 FREE STREET PO BOX 4510 PORTLAND ME 04112
     F      LINCOLN COUNTY                         DEF      RTND   11/25/2009

02 0000001005          DENCH, BRYAN
     95 MAIN STREET PO BOX 3200 AUBURN ME 04212-3200
     F      ANDROSCOGGIN COUNTY                    DEF      RTND   12/02/2009

---------------------------------------------------------------------------

01 0000003687          BURNS, NATALIE
     10 FREE STREET PO BOX 4510 PORTLAND ME 04112
     F      LINCOLN COUNTY                         DEF      RTND   11/25/2009

----------------------------------------------------------------------------------

04 0000002603          GOULD, EDWARD W
   23 WATER ST SUITE 400 PO BOX 917 BANGOR ME 04402
      F     PENOBSCOT COUNTY                          DEF      RTND    12/11/2009

05 0000007741          HODGINS, MICHAEL
   146 CAPITOL ST PO BOX 5057 AUGUSTA ME 04332-5057
      F     SOMERSET COUNTY                           DEF      RTND    12/10/2009

06 0000003029          KATSIAFICAS, JAMES
   ONE CANAL PLAZA SUITE 900 PO BOX 426 PORTLAND ME 04112-0426
      F     WALDO COUNTY                              DEF      RTND    11/23/2009

------------------------------------------------------------------------

| 07 | 0000006889 | MARCHESI, PETER | | | |
|---|---|---|---|---|---|
| | 27 TEMPLE ST PO BOX 376 WATERVILLE ME 04903-0376 | | | | |
| F | KNOX COUNTY | | DEF | RTND | 11/23/2009 |
| F | AROOSTOOK COUNTY | | DEF | RTND | 11/23/2009 |

| 08 | 0000003799 | O'BRIEN, TIMOTHY | | | |
|---|---|---|---|---|---|
| | 62 PORTLAND RD SUITE 17 KENNEBUNK ME 04043 | | | | |
| F | YORK COUNTY | | DEF | RTND | 12/11/2009 |

| 09 | 0000003118 | UNDERKUFFLER, FRANK | | | |
|---|---|---|---|---|---|
| | 116 MAIN STREET FARMINGTON ME 04938-1818 | | | | |
| F | SAGADAHOC COUNTY | | DEF | RTND | 11/24/2009 |

-----------------------------------------------------------------------------

| 09 0000003118 | UNDERKUFFLER, FRANK | | | |
|---|---|---|---|---|
| 116 MAIN STREET FARMINGTON ME 04938-1818 | | | | |
| F | FRANKLIN COUNTY | DEF | RTND | 11/24/2009 |

| 10 0000008549 | SCHUTZ, SIGMUND D | | | |
|---|---|---|---|---|
| ONE CITY CENTER PO BOX 9546 PORTLAND ME 04112-9546 | | | | |
| F | MACIMAGE OF MAINE LLC | PL | RTND | 11/10/2009 |

| 11 0000009024 | PELLEGRINI, ANTHONY D | | | |
|---|---|---|---|---|
| 84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401 | | | | |
| F | WASHINGTON COUNTY | DEF | RTND | 11/25/2009 |

-----------------------------------------------------------------------------

--------------------------------------------------------------------------------

12 0000004350        HOFFMAN, KELLY
    415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
    F        ANDROSCOGGIN COUNTY                          DEF        RTND    12/01/2009

.