ENTERED FEB 1 2 2015

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-030

NM-CUM-02-03-15

MICHAEL DOYLE,

Plaintiff

v.

EDWARD TOLAN,
Chief, Falmouth Police
Department,

Defendant

ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT
ON THE PLEADINGS

3 FEB '15 PM 2:14

Before the court is defendant's motion for judgment on the pleadings. Defendant argues that plaintiff lacks standing, the complaint fails to state a claim, and the case is not ripe for judicial resolution. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff, a resident of the Town of Falmouth, alleges that defendant has purchased police vehicles without following certain competitive bidding procedures. (Compl. ¶¶ 1-2.) He seeks an injunction that requires defendant to solicit sealed bids from other dealers and open the bids in a supervised, public forum. (Compl. ¶ 3.)

## DISCUSSION

1. Standing

A taxpayer of a town has standing to seek preventative relief without showing a particularized injury. Lehigh v. Pittston Co., 456 A.2d 355, 358 (Me. 1983). In his complaint, plaintiff does not allege a direct injury and does not

allege he is a taxpayer. "[T]he failure to allege taxpayer status deprives plaintiffs of their right to request even preventive relief." Heald v. Sch. Admin. Dist. No. 74, 387 A.2d 1, 4-5 (Me. 1978).

## 2. Failure to State a Claim

A motion for judgment on the pleadings tests the legal sufficiency of the complaint. Monopoly, Inc. v. Aldrich, 683 A.2d 506, 510 (Me. 1996). Similar to a motion to dismiss, the court must determine whether plaintiff "alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory." Cunningham v. Haza, 538 A.2d 265, 267 (Me. 1988).

Plaintiff asks the court to require defendant to follow a specific set of competitive bidding procedures for the purchase of police vehicles. (Compl. ¶ 3.) The only authority plaintiff relies on is a Town of Falmouth document titled "Purchasing Guidelines and Policy."[1] (Pl.'s Ex. A.) It is unlikely these guidelines, unlike an ordinance, are judicially enforceable.

Assuming that they are enforceable, however, pursuant to the Town Charter, "the Town Manager acts as the Purchasing Agent (not Director) for all departments of the Town, except the School Department." (Pl.'s Ex. A 1, ¶ 2.) The term "Chief of Police" does not appear in the guidelines.

---

[1] The court may consider this document on a motion for judgment on the pleadings because it is a public document and appears central to plaintiff's claim. See Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 10, 843 A.2d 43. The document is not authenticated and appears to be missing pages.

2

Further, plaintiff does not allege any specific violation of the purchasing guidelines and policy. (Compl. ¶ 3.) Plaintiff points to no provisions that support plaintiff's proposed requirements.

3. Ripeness

Plaintiff asks the court to impose specific procedures on an unscheduled event. Unlike in other cases in which a plaintiff was permitted to pursue prospective and preventative relief, there is no "genuine controversy between the parties that presents a concrete, certain, and immediate legal problem" and no "concrete and specific" legal dispute with a "direct, immediate and continuing impact" on the affected party in this case. See Johnson v. City of Augusta, 2006 ME 92, ¶¶ 7-8, 902 A.2d 855; see also Lehigh, 456 A.2d at 359 (plaintiff sought to prevent future sale of an airport based on option agreement and amendments previously signed).

## CONCLUSION

Plaintiff lacks standing, has failed to state a claim upon which relief can be granted, and has not presented a genuine controversy. The defendant's motion is granted.

The entry is

> Defendant's Motion for Judgment on the Pleadings is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint.

Dated: February 3, 2015

Nancy Mills
Justice, Superior Court

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

WILLIAM PLOUFFE ESQ
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600
PORTLAND ME 04101

Defendants Attorney

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MICHAEL DOYLE
3 SHADY LANE
FALMOUTH ME 04105

Pro Se Plaintiff