STATE OF MAINE                                    BUSINESS AND CONSUMER COURT

Cumberland, ss.

MILLINOCKET SCHOOL COMMITTEE

Plaintiff

v.                                                Docket No. BCD-CV-15-23 ✔

ROWENE GOSS et als.

Defendants

## STAY ORDER

Oral argument on pending motions in this case was scheduled for October 8, 2015. Counsel for all parties were present. However, at the outset, the court raised a question, on its own motion, about whether this case presents a justiciable controversy appropriate for adjudication.

The overarching issue in this case is to what extent the Plaintiff Millinocket School Committee may, consistent with its contractual obligations and principles of law and equity, modify or eliminate the health insurance coverage it currently provides for the Defendant retirees. However, the Committee has not decided whether to make any change to current coverage, or decided, if there were a change, what form the change would take. Instead, the only decision the Committee has made regarding retiree health insurance coverage is to file this action. Because no decisions regarding changes in coverage have been made, it is uncertain whether the Committee will make any change to the benefits in question, and even more uncertain as to what form any change the Committee might make would take.

As a jurisprudential matter[1], this court's adjudicative authority is limited to cases that present a justiciable controversy. "For a controversy to be justiciable it must declare rights upon the existing state of facts and not upon a state of facts that may or may not arise in the

---

[1] Although non-justiciability often is said to implicate the court's subject matter jurisdiction, the requirement of a justiciable controversy is, like the rule requiring party standing, a predicate to jurisdiction distinct from the question of whether the court has authority to hear the type of case before the court. *See Bank of America v. Greenleaf*, 2015 ME 127, ¶ 7, ___ A.3d ___, ___ ("Subject matter jurisdiction is a principle of adjudicatory authority that refers to the power of a particular court to hear the type of case that is then before it. Standing is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction in the first place.") (citations and quotation marks omitted).

As to subject matter jurisdiction, the court clearly has the authority to grant declaratory relief regarding the interpretation of contracts. What complicates the question of subject matter jurisdiction in this case is that most, if not all, of the contractual rights and obligations at issue in the case are set forth in collective bargaining agreements that may require disputes to be resolved elsewhere.

1

future." *Doe v. Williams*, 2013 ME 24, ¶ 15, 61 A.3d 718, 729, *quoting Madore v. Me. Land Use Regulation Comm'n*, 1998 ME 178, ¶ 7, 715 A.2d 157 (quotation marks omitted). When a case presents no justiciable controversy, the court would be rendering an advisory opinion in adjudicating the case. *See Clark v. Hancock Cty. Comm'rs*, 2014 ME 33, ¶ 12, 87 A.3d 712, 716-17 ("A decision issued on a non-justiciable controversy is an advisory opinion, which [courts] have no authority to render . . ."). *See also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241, 57 S. Ct. 461, 463-464, 81 L. Ed. 617, 621 (1937) ("The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy, admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.")

The Committee's First Amended Complaint attempts to address this issue in alleging, "The case presents an actual controversy because the budgetary issues the School is facing are at a crisis level and need[] to be addressed immediately." First Am. Comp. ¶ 99. In the court's view, a budgetary crisis, assuming there is one, in and of itself does not create a justiciable controversy. It is only after the Committee makes a concrete decision on how to resolve budget issues that an actual controversy may or may not emerge. Because the Board's future decision on the budget, whatever it turns out to be, may not involve any change to retiree health insurance, whether it will generate an actual controversy among the parties to this case is purely speculative.

As the court stated at oral argument, the Committee is to be commended for attempting to bring its budgeting dilemma forward before any retiree's coverage is affected. However, the laudable goal of resolving the question of the Committee's authority before any benefits change is actually implemented is not incompatible with the Committee making a concrete, specific decision about what to do. If the Committee does decide to make specific changes to the retiree health insurance benefit, it can delay implementation of any change long enough to enable any justiciable controversy arising out of the change to be resolved in the appropriate forum before the change actually takes effect.

The foregoing leads the court to conclude that it should dismiss the entire case—complaint and counterclaims[2]—unless cause for the case to proceed is shown. At oral argument, the Plaintiff Committee asked for an opportunity to show cause for not dismissing the case, and the Defendants asked for an opportunity to respond. Accordingly, it is ORDERED:

1. This case is stayed until further order. All previously established dates and deadlines that have not yet passed are hereby suspended.

---

[2] Assuming the court had full jurisdiction over the First Amended Complaint, the counterclaims in this case arguably could be considered compulsory and had to be filed at least on a precautionary basis. However, they assume the same hypothetical premise on which the First Amended Complaint rests—that the Plaintiff Committee will seek to eliminate or modify retiree health insurance benefits—and they likewise do not appear to present a justiciable controversy. For example, the promissory estoppel counterclaims assume, without a present basis in fact, that the Plaintiff Committee denies having made the promises on which the counterclaimants allege they relied. Admittedly, the Committee has neither confirmed nor denied its alleged obligations to the counterclaimants, but this is still not tantamount to, or a substitute for, a concrete decision by the Committee to eliminate or modify benefits.

2

2. The Plaintiff Committee may file a memorandum showing cause why the case should not be dismissed for lack of a justiciable controversy or based on the court's discretion to deny declaratory relief. Any such memorandum shall be limited to 15 pages double-spaced and shall be filed by November 20, 2015.

3. The Defendants may respond separately or jointly as they choose, with any memorandum limited also to 15 pages double-spaced, and filed by December 11, 2015.

4. The court will determine the issue raised in this Order without further argument.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated October 8, 2015

_____
A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 10-9-15
Copies sent via Mail ___ Electronically ✓

3

**Millinocket School Committee v.**
**Rowene Goss, et al.**

**BCD-CV-15-23**


<u>**Plaintiff**</u>

**Millinocket School Committee,**
     Counsel:                  *Jeffrey Piampiano, Esq.*
                            84 Marginal Way Suite 600
                            Portland, ME 04101


<u>**Defendants**</u>

**Rowene Goss, et al.,**
Counsel:                        *Geraldine Sanchez, Esq.*
                            *Andrea Manthorne, Esq.*
                            66 Pearl St
                            Portland, ME 04101
                                  and
                            *Donald Fontaine, Esq.*
                            97 India St
                            PO Box 7590
                            Portland, ME 04112