STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                          DOCKET NO. AP-15-27


MALLORY LANE


Petitioner,


v.                                                        **ORDER**


SECRETARY OF STATE


Respondent.


## I.     Background

Petitioner Mallory Lane brings this M.R. Civ. P. 80C[1] appeal from a decision by

the Secretary of State suspending her license. On October 18, 2013, Lane was arrested

and charged with operating under the influence. 29-A M.R.S. § 2411. She possessed a

juvenile provisional license at the time.[2] A deferred disposition entered in the criminal

OUI case and Lane pleaded guilty to Driving to Endanger at the completion of the

deferral period. As a result of Lane's Driving to Endanger conviction and her status as a

juvenile provisional license holder, her license was suspended pending completion of a

written test, road exam, and a Juvenile Traffic Offender program.

---

[1] Lane originally petitioned for a stay of agency action. By agreement, the parties elected to forego briefing the Rule 80C appeal. The court thus renders this decision on the basis of counsels' able oral argument and filings to date.

[2] Because Lane obtained her license when she was twenty years old, the license was provisional for a period of two years. 29-A M.R.S. § 2472.("A license issued to a person who has not yet attained the age of 21 years is a provisional license for a period of 2 years following the date of issue or until the holder attains 21 years of age, whichever occurs last."). The application of Section 2472 is the basis for Lane's equal protection challenge analyzed further below.

## II.   Discussion

### A.  Rule 80C Appeal Standard

In Rule 80C appeals, the court reviews agency action "for errors of law, abuse of discretion, or findings of fact not supported by the record." *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128. Petitioners may raise constitutional grounds, including equal protection, to challenge the government action under review. *York Hosp. v. Dep't of Human Servs.*, 2005 ME 41, ¶ 26, 869 A.2d 729.

### B.  The Secretary properly applied the juvenile provisional license statute

Lane obtained her license when she was twenty years old, apparently only several weeks before her twenty-first birthday. Under the juvenile provisional license statute, "[a] license issued to a person who has not yet attained the age of 21 years is a provisional license for a period of 2 years following the date of issue or until the holder attains 21 years of age, whichever occurs last." 29-A M.R.S. § 2472(1). Because Lane held her juvenile provisional license for less than two years before turning twenty-one, the full two year provisional period applied as the later occurrence. *Id.* The criminal conduct that gave rise to Lane's Driving to Endanger conviction occurred within that two-year provisional period and therefore triggered the penalties set forth in Section 2472. Section 2472 clearly applies to Lane because she obtained the license before turning twenty-one; the thrust of Lane's Rule 80C appeal is that the Secretary of State's decision to suspend her license pursuant to the statute was an unconstitutional denial of equal protection.

### C.  Equal Protection

2

This equal protection challenge alleges discrimination on the basis of age. The parties agree rational basis review applies. An equal protection challenge under rational basis review requires Lane show "(1) that similarly situated persons are not treated equally under the law, and (2) that the statute is not rationally related to a legitimate state interest." *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 22, 60 A.3d 1241. A statute reviewed under this standard "bears a strong presumption of validity" and "the burden is on the party challenging the government action to demonstrate that 'there exists no fairly conceivable set of facts that could ground a rational relationship between the challenged classification and the government's legitimate goals.'" *Anderson v. Town of Durham*, 2006 ME 39, ¶ 29, 895 A.2d 944 (citations omitted).

Had Lane obtained her license only several weeks later, after she turned twenty-one, she would have received an adult provisional license with a one-year provisional period. 29-A M.R.S. § 2471(1). Lane would thus face less onerous penalties here because the one-year provisional period would have expired prior to the criminal conduct. *See id.* She contends that by subjecting her to a two-year juvenile provisional period, the statute violates equal protection. *See* 29-A M.R.S. § 2472(1).

## 1. Similarly Situated

Lane argues the statute violates equal protection because she faces most burdensome penalties than a similarly situated twenty-two year old licensee. This analysis considers "compared with others similarly situated, [the person] was selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 30, __ A.2d __ (citation omitted).

3

Lane puts forth two examples of "similarly situated" twenty-two year olds who are treated differently: a licensee whose license is from another jurisdiction and a licensee who acquired a license after they turned twenty-one. Neither individual would be subject to a two-year juvenile provisional licensing scheme extending until nearly their twenty-third birthdays, as Lane was.

Lane fails to meet her burden for the simple reason that neither hypothetical individual she cites is in fact similarly situated. While they are also twenty-two years old, the manner in which they obtained their licenses is critically and materially different. The state treats Lane differently than her hypothetical examples not because of her age, but because of when and from what state she elected to obtain a driver's license.

At bottom, Lane's equal protection challenge attacks the rationality of the state's requirement that any person who obtains a license when they are under twenty-one remain subject to the juvenile provisional licensing scheme for a full two years, regardless of how close they are to turning twenty-one.

## 2. Rationally Related to a Legitimate Government Interest

Lane has the burden to show that the juvenile provisional licensing statute "is not rationally related to a legitimate state interest." *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 22, 60 A.3d 1241. Lane concedes that the state has a rational basis to treat less experienced drivers differently to protect public safety. Age-based distinctions in licensing and suspension penalties have withstood equal protection challenges. *See State v. Dube*, 409 A.2d 1102, 1107 (Me. 1979) (upholding minimum age requirements for commercial operator's licenses under equal protection on public safety grounds); *see also*

4

*Blais v. Sec'y of State*, 2011 Me. Unpub. LEXIS 25, *1, Mem-11-26 (Mar. 1, 2011)[3] (concluding penalties for drivers under 21 who operate with *any* blood-alcohol content that were harsher than those imposed on those over 21 who operate with greater than the .08% blood-alcohol limit did not violate equal protection).

Lane argues, however, that the state lacks a rational basis to impose more burdensome penalties upon her simply because she obtained her license a few weeks before her twenty-first birthday. The statute does work a harsh result for drivers like Lane. The consequences of her criminal conviction would be quite different had she obtained her license only three weeks later. But harsh results do not render a statute unconstitutional. The Legislature made a policy decision to draw a line at twenty-one for all prospective licensees. While age distinctions may not always proportionally regulate similarly inexperienced drivers, age distinctions are constitutional, albeit sometimes arbitrary, means to regulate licensing to protect public safety. *See Dube*, 409 A.2d at 1107.

## III. Conclusion

In sum, this court cannot say that "there exists no fairly conceivable set of facts that could ground a rational relationship between the challenged classification and the government's legitimate goals.'" *Anderson*, 2006 ME 39, ¶ 29, 895 A.2d 944. Public safety is a legitimate government interest furthered by a two-year juvenile provisional licensing period that applies equally to all individuals who obtain their license before the

---

[3] The court is mindful that memoranda of decisions issued by the Law Court do not establish precedent. M.R. App. P. 12(c). The court nonetheless finds the case persuasive for the proposition that harsher penalties for individuals who obtain their license prior to age 21 are rationally related to legitimate government interests.

age of twenty-one. The petitioner fails to establish a violation of equal protection that would warrant vacating the Secretary of State's decision. The appeal is denied.

The clerk will make the following entry, by reference, on the docket:

Petitioner's Rule 80C appeal is DENIED; the Secretary of State's decision is AFFIRMED.

SO ORDERED.


DATE: November 7, 2015

John O'Neil, Jr.
Justice, Superior Court

AP-15-27

ATTORNEY FOR PETITIONER:
THOMAS VAN HOUTEN, ESQ.
469 MAIN STREET SUITE 101
SPRINGVALE, ME 04083

ATTORNEY FOR RESPONDENT:
DONALD MACOMBER, AAG
6 STATE HOUSE STATION
AUGUSTA, ME 04333-006