MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2014 ME 33
Docket:       Han-13-119
Argued:       November 20, 2013
Decided:      February 27, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, GORMAN, and JABAR, JJ.

# WILLIAM CLARK

v.

# HANCOCK COUNTY COMMISSIONERS

LEVY, J.

[¶1]  Hancock County Sheriff William Clark appeals from a judgment of the Superior Court (Hancock County, *Cuddy, J.*) dismissing his complaint contending that the Hancock County Commissioners unlawfully interfered with the Sheriff's authority to discipline his employees.[1]  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The following facts are undisputed.  In the early morning of October 6, 2011, Hancock County Deputy Sheriff Christopher Sargent struck a deer as he was driving home in his patrol car.  Sargent was traveling at 92 miles per hour at the time of the collision.  Sargent incurred only slight injuries, but the car was

---

[1]  Although the employees are employed by the County, for purposes of this opinion we refer to them as the Sheriff's employees.

2

extensively damaged. In reporting the accident, Sargent admitted that he had been driving over the speed limit without cause.

[¶3] Sheriff Clark disciplined Sargent by suspending him for one day without pay and removing him from eligibility to receive a new patrol car in the coming year. Although insurance covered the cost for most of the damage to the car, Hancock County paid a $1000 insurance deductible.

[¶4] In December 2011, the Hancock County Commissioners held a public meeting at which they voted to collect the $1000 insurance deductible from Sargent. Upon Sheriff Clark's strong opposition and request for another hearing, the Commissioners reconvened in January 2012 and again voted to pursue collection from Sargent. Sargent, a member of Teamsters Union Local #340, subsequently filed a grievance pursuant to the collective bargaining agreement between the Union and the County. Clark affirmed the grievance and declined to require Sargent to reimburse the County for the $1000 deductible.

[¶5] On February 2, 2012, Sheriff Clark, Deputy Sargent, and Union Local #340 filed a joint Rule 80B appeal seeking judicial review of the Commissioners' votes. The complaint also requested a declaratory judgment that, pursuant to 30-A M.R.S. §§ 401(2) and 501(3) (2013) and the collective bargaining agreement, the Commissioners exceeded their authority in requiring Sargent to pay the $1000

deductible. The complaint further sought attorney fees and costs that Sargent expected to incur in defending a future collection action by the County.

[¶6] The Commissioners met again on March 6, 2012, and decided to rescind the votes seeking to collect the insurance deductible from Sargent because the County had received a bid for the damaged patrol car that exceeded the cost of the deductible. Despite this turn of events, Sheriff Clark asserted at the meeting that he would continue with the lawsuit unless the Commissioners signed a consent form acknowledging that "[the Commissioners'] attempt to recover the $1000 deductible was punitive and disciplinary in nature" and that "[the Commissioners] agree not to attempt to impose any discipline on Deputy Sargent for his negligent operation of the police cruiser." Although the Commissioners declined to sign the consent form, one Commissioner stated on the record that "the [C]ommissioners are aware that they are not allowed to discipline deputies."

[¶7] Thereafter, Clark and the other plaintiffs filed a motion for summary judgment. The plaintiffs alleged, for the first time, that the Commissioners violated Deputy Sargent's due process rights under the Maine and United States Constitutions and his rights as an employee pursuant to the Maine Wages and Medium of Payment Act (WMPA), 26 M.R.S. § 629 (2013). Further, the plaintiffs requested attorney fees and costs incurred in the Rule 80B appeal pursuant to 30-A

4

M.R.S. § 373(2) (2013). In turn, the Commissioners filed a cross-motion for summary judgment.

[¶8] On January 16, 2013, the court entered a judgment granting the Commissioners' motion for summary judgment and denying the plaintiffs' motion. In doing so, it dismissed the plaintiffs' Rule 80B appeal as moot, dismissed the request for a declaratory judgment as unripe, and declined to award attorney fees to either Clark or Sargent. The court also declined to address the claims regarding Sargent's due process rights and his rights pursuant to the WMPA because those claims were not raised in the complaint.

[¶9] Although Sheriff Clark filed this appeal, neither Deputy Sargent nor Teamsters Union Local #340 filed a notice of appeal.[2]

---

[2] In a letter to the Court dated May 8, 2013, Deputy Sargent stated that he wished to adopt Sheriff Clark's appeal brief pursuant to M.R. App. P. 9(h). However, because Sargent did not file a notice of appeal, he is not a party to the appeal. *See Duffy v. Town of Berwick,* 2013 ME 105, ¶ 1 n.1, 82 A.3d 148 ("Any party seeking to modify a judgment must file a notice of appeal to have its arguments properly considered." (quotation marks omitted)); *see also* M.R. App. P. 2(a)(1) ("The appeal shall be commenced by filing a notice of appeal with the clerk of the court from which the appeal is taken . . . ."); M.R. App. P. 2(c)(2) ("If two or more persons are entitled to appeal from a judgment or order and their interests are such as to make joinder practicable, they may file a joint notice of appeal or may join in an appeal after filing separate timely notices of appeal, and they may thereafter proceed on appeal as a single appellant.").

## II. LEGAL ANALYSIS

### A. Mootness of Clark's Rule 80B Appeal

#### 1. Mootness

[¶10]  The court determined that the Rule 80B appeal was moot because, after the complaint was filed, the Commissioners rescinded their prior votes to pursue the $1000 deductible from Sargent.  Clark nonetheless argues that his Rule 80B appeal is not moot because (A) the Commissioners lacked authority to revoke the earlier votes once the case was before the court, (B) the Commissioners did not acknowledge that they lacked authority to discipline Clark's employees, and (C) Clark's employees continue to face a "palpable risk" of future ultra vires disciplinary actions by the Commissioners.[3]

[¶11]  "We review de novo the trial court's determination of mootness." *Doe I v. Williams*, 2013 ME 24, ¶ 14, 61 A.3d 718.  "An issue is moot when there is no real and substantial controversy, admitting of specific relief through a judgment of conclusive character." *Id.*  (quotation marks omitted).  To determine

---

[3]  The Commissioners sought dismissal of Clark's Rule 80B appeal solely on the basis of mootness. Because the Commissioners did not also raise ripeness as a basis for dismissal before the Superior Court or in their brief to this Court, we do not decide whether the issue raised in the Rule 80B appeal is ripe for judicial review and, if not, whether that potential lack of ripeness presents a jurisdictional defect. *See Farrell v. City of Auburn*, 2010 ME 88, ¶ 6, 3 A.2d 385 ("[J]urisdictional claims respecting subject matter present overriding issues which courts may examine at any stage of the proceedings, whether at the trial level or on appeal and whether called to the attention of the court or noted by the court on its own motion." (quotation marks omitted)).

whether a case is moot, we "examine whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources." *Id*. (quotation marks omitted). We decline to decide issues that have lost their "controversial vitality," that is, "when a decision by this [C]ourt would not provide an appellant any real or effective relief." *Int'l Paper Co. v. United Paperworkers Int'l Union*, 551 A.2d 1356, 1360-61 (Me. 1988).

[¶12] Because the Commissioners already rescinded their decision to collect the insurance deductible from Sargent, our adjudication of the merits of this case will not provide additional "real or effective relief." *See id.* Further, because there is no outstanding action by the Commissioners for judicial review, an adjudication of the case on the merits would result in an improper advisory opinion. *See Flaherty v. Muther*, 2011 ME 32, ¶ 87, 17 A.3d 640 ("A decision issued on a non-justiciable controversy is an advisory opinion, which we have no authority to render except on solemn occasions, as provided by the Maine Constitution.").

2.    Exceptions to Mootness

[¶13] Although moot, we will consider this Rule 80B appeal if the appellant demonstrates that at least one of the following three exceptions applies:

> (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public, we may address; or

(3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

*Doe I*, 2013 ME 24, ¶ 19, 61 A.3d 718 (quoting *Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, 2011 ME 48, ¶ 8, 18 A.3d 824). As explained below, none of the three exceptions apply to this case.

[¶14] First, the collateral consequences exception does not apply because Clark has not demonstrated "that a decision on the merits of the appeal will have more than conjectural and insubstantial consequences in the future." *Id.* ¶ 20 (quotation marks omitted).

[¶15] Second, the public interest exception does not apply even though the general subject of the Commissioners' and the Sheriff's authority is undoubtedly of public concern. The crux of the dispute in this case—whether the Commissioners' aborted decision to collect the $1000 deductible from Deputy Sargent unlawfully interfered with the Sheriff's authority to discipline his employees—is fact-specific and does not lend itself to an "authoritative determination" on the general subject of the Commissioners' authority. *See Sparks v. Sparks*, 2013 ME 41, ¶ 11, 65 A.3d 1223 ("In deciding whether an issue meets the public interest exception, we consider the following criteria: whether the question is public or private, how much court officials need an authoritative determination for future rulings, and how likely the question is to recur in the future." (quotation marks omitted)).

[¶16]   Finally, the third mootness exception concerning issues capable of evading appellate review does not apply because there is no "reasonable likelihood" that the issue presented in this case "will imminently and repeatedly recur in future similar contexts, yet escape review because of [its] fleeting or determinate nature." *Ten Voters of Biddeford v. City of Biddeford*, 2003 ME 59, ¶ 10, 822 A.2d 1196 (quotation marks omitted).

[¶17]   Here, because none of the recognized exceptions to the mootness doctrine apply, the court did not err in dismissing Clark's Rule 80B appeal.

B.      Whether Clark's Request for a Declaratory Judgment Was Ripe

[¶18]   Clark contends that the court erred in denying his request for a declaratory judgment that the Commissioners exceeded their authority as set out in 30-A M.R.S. §§ 401(2) and 501(3) and the collective bargaining agreement.  The Commissioners respond that Clark's request for a declaratory judgment was unripe for judicial review because no genuine controversy exists.

[¶19]   "For a case to be ripe there must be a genuine controversy and a concrete, certain, and immediate legal problem." *Marquis v. Town of Kennebunk*, 2011 ME 128, ¶ 18, 36 A.3d 861 (quotation marks omitted).  We review ripeness de novo as a question of law. *Id.*  Our focus is "both on the fitness of the issue for judicial review and any hardship caused to the parties from the withholding of

adjudication." *Johnson v. City of Augusta*, 2006 ME 92, ¶ 8, 902 A.2d 855. "[S]peculative hardships do not suffice to meet this requirement." *Id.*

[¶20]   Because the Commissioners already rescinded the challenged votes, the only "hardship" that Clark can allege at this point is the possibility that future actions by the Commissioners might infringe upon his authority.  As discussed above, such hardship is purely speculative and is not a "concrete, certain, and immediate legal problem" ripe for adjudication.  *See Marquis*, 2011 ME 128, ¶ 18, 36 A.3d 861; *Johnson*, 2006 ME 92, ¶ 10, 902 A.2d 855.  Thus, the court did not err in denying Clark's request for declaratory relief.

C.     Attorney Fees

[¶21]   Clark further argues that the court erred in denying his request for attorney fees as "necessary incidental expenses" pursuant to 30-A M.R.S. § 373(2).[4]  Section 373(2) provides:

> **2. Expenses allowed.**  The county commissioners shall allow and pay from the county treasuries all actual and necessary expenses for travel and hotel bills within their respective counties and necessary incidental expenses as are just and proper, incurred in the performance of the sheriffs' public duties, including all necessary expense for aid in keeping the jails.

---

[4]  Because Deputy Sargent is not a party to this appeal, we do not review the court's refusal to award attorney fees to him.

[¶22]  Section 373(2) plainly authorizes the Commissioners, not the court, to pay the necessary incidental expenses incurred by the Sheriff.  Because Clark failed to seek reimbursement of his attorney fees as "necessary incidental expenses" pursuant to section 373(2) before the Commission, the Commissioners were deprived of an opportunity to consider the request and make an administrative decision.  As such, the question of whether attorney fees qualify as "necessary incidental expenses" pursuant to 30-A M.R.S. § 373(2) is not preserved for this Rule 80B appeal.  *See Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 39, 762 A.2d 551 ("Parties seeking a review of a final agency action are expected to raise any objections they have before the agency in order to preserve these issues for appeal."); *see also New England Whitewater Ctr. v. Dep't of Inland Fisheries & Wildlife*, 550 A.2d 56, 60 (Me. 1988) (noting that the purpose of this rule is to allow agencies the first opportunity to adjudicate the claims of litigants based on "[s]imple fairness to those who are engaged in the tasks of administration, and to litigants" (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)).

[¶23]  Further, the Commissioners properly alerted the Superior Court to Sheriff Clark's failure to raise this issue before the Commission.  Considering his active participation in the Commissioners' public meetings, there is no indication that Clark lacked an adequate administrative forum to assert his request for

attorney fees. *See, e.g.*, *New England Whitewater Ctr.*, 550 A.2d at 58-59 (rejecting plaintiffs' argument that their claims before the agency would have been "fruitless" and that no adequate forum existed, noting that the plaintiffs were able to comment on the procedural process at a public hearing and submit written comments after the hearing). We therefore affirm the court's denial of Clark's request for attorney fees and do not decide whether attorney fees qualify as "necessary incidental expenses" for purposes of 30-A M.R.S. § 373(2).

D.     Sargent's Claims Pursuant to the Due Process Clause and the Maine Wages
       and Medium of Payment Act

[¶24]  Finally, Sheriff Clark contends that the court erred in declining to address his claims that the Commissioners violated Deputy Sargent's due process rights and rights pursuant to the WMPA. As we previously noted, Sargent failed to file a notice of appeal as required by M.R. App. P. 2 and is therefore not a party to this appeal. Sargent's letter expressing his desire to adopt Clark's brief does not confer on Sargent the status and rights of an appellant. We therefore lack jurisdiction to review claims concerning Sargent's rights. *See In re Melissa T.*, 2002 ME 31, ¶ 5, 791 A.2d 98 (stating that this Court lacked jurisdiction to review claims brought by a party who did not file a notice of appeal because "compliance with M.R. App. P. 2 is mandatory and jurisdictional for purposes of appeal" (quoting *Rice v. Amerling*, 433 A.2d 388, 390 (Me. 1981)) (alteration omitted)).

The entry is:

Judgment affirmed.

---

**On the briefs:**

Thad B. Zmistowski, Esq., and Jonathan A. Pottle, Esq., Eaton Peabody, Bangor, for appellant William Clark

Timothy A. Pease, Esq., and Colin E. Howard, Esq., Rudman Winchell, Bangor, for appellee Hancock County Commissioners

**At oral argument:**

Thad B. Zmistowski, Esq., for appellant William Clark

John K. Hamer, Esq., Rudman Winchell, for appellee Hancock County Commissioners