MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2015 ME 12
Docket:       BCD-14-41
Argued:       September 4, 2014
Decided:      February 5, 2015

Panel:        <u>SAUFLEY, C.J.</u>, and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.[*]

# THE WITHAM FAMILY LIMITED PARTNERSHIP

v.

# TOWN OF BAR HARBOR et al.

SAUFLEY, C.J.

[¶1]  The Witham Family Limited Partnership appeals from a judgment entered in the Business and Consumer Docket (*Nivison, J.*) affirming two May 2010 decisions of the Bar Harbor Appeals Board that required the Bar Harbor Planning Board to approve a site plan for construction of a hotel on land abutting Witham's land in Bar Harbor.  Witham did not, however, appeal from a May 2010 decision of the Planning Board, on remand from the Appeals Board, that contained new findings and resulted in site plan approval, or from the Planning Board's May 2012 approval of an amended site plan.  Because Witham did not appeal from the Planning Board's May 2010 or May 2012 site plan approvals that apparently

---

[*] Silver, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

resulted in the construction of the West Street Hotel, which has been operating since 2012, we dismiss Witham's appeal as moot.

## I. BACKGROUND

[¶2]   On March 17, 2010, the Bar Harbor Planning Board denied the application of North South Corporation, LLC, for site plan approval to construct a 102-room hotel on property that abuts land owned by the Witham Family Limited Partnership.  *See Witham Family Ltd. P'ship v. Town of Bar Harbor*, 2011 ME 104, ¶¶ 1-2, 30 A.3d 811.  The Planning Board denied the application, finding that the hotel would exceed the Bar Harbor Land Use Ordinance's height requirements. North South appealed from the Planning Board's denial to the Bar Harbor Appeals Board.  Separately, Witham appealed from the Planning Board's findings that North South's proposed project *did* conform with parking and street-width requirements. *Id.* ¶ 5.

[¶3] On May 3, 2010, the Appeals Board concluded that the Planning Board had misinterpreted the Ordinance's height requirements.  The Appeals Board vacated the Planning Board's denial of the application and remanded the matter to the Planning Board with instructions to correct the erroneous application of the Ordinance and to issue North South's requested site plan approval.  After remand, in a decision dated May 19, 2010, the Planning Board entered additional factual findings and legal conclusions, issued specific conditions for the project, and

approved the proposed site plan. No appeal was taken from this decision. On May 24, 2010, the Appeals Board, in ruling on Witham's appeal from the original denial of site plan approval, affirmed the Planning Board's March 17, 2010, decision with respect to parking and street-width requirements.[1]

[¶4] Witham filed a complaint in the Superior Court challenging both the May 3, 2010, and the May 24, 2010, decisions of the Appeals Board. *See* M.R. Civ. P. 80B. The court (Hancock County, *Cuddy, J.*) dismissed the complaint on the ground that Witham lacked standing. *Witham Family Ltd. P'ship*, 2011 ME 104, ¶¶ 1, 6, 30 A.3d 811. Witham appealed to us. We concluded that Witham, an abutter, had standing, and we vacated the court's judgment and remanded the matter to the Superior Court on November 1, 2011. *Id.* ¶¶ 1, 14-18.

[¶5] In the spring of 2012, while this matter remained pending in the Superior Court, North South applied to the Planning Board to amend its approved site plan by reducing the number of hotel rooms and parking spaces. In May 2012, the Planning Board granted North South's application with certain conditions. Witham did not appeal from the May 2012 decision or the issuance of any building

---

[1] The Appeals Board's issuance of separate rulings on the parties' appeals from the March 2010 decision, which is not explained in the record, may have added to the confusion regarding the need to appeal from the Planning Board's May 19, 2010, decision.

4

permits or other permits.[2]  North South built the modified version of the hotel and opened for business in 2012.

[¶6]  On October 21, 2013, after almost two years of inaction in the Superior Court following our remand, the case was transferred to the Business and Consumer Docket.  The Business and Consumer Docket justice (*Nivison, J.*) promptly entered a judgment on January 14, 2014, affirming the Planning Board's determinations that the hotel did not violate height restrictions and complied with the parking requirements of the Ordinance.  Witham timely appealed to us.  *See* 14 M.R.S. § 1851 (2014); M.R. Civ. P. 80B(n); M.R. App. P. 2(b)(3).

---

[2]  The Ordinance, and the Planning Board's May 19, 2010, and May 2012 decisions approving the site plan, required the separate issuance of building permits, and possibly other permits, before construction could begin.  *See* Bar Harbor, Me., Land Use Ordinance §§ 125-61(H), 125-77(B) (Jan. 2009).  Indeed, the Planning Board imposed certain conditions that it explicitly stated had to be met before a building permit could be issued.  The record before us does not include any evidence that building permits or other permits were issued either in 2010 or in 2012, and neither party challenges the Town of Bar Harbor's actions related to any required permits.  Because neither party introduced any permits or made any arguments in the administrative or judicial proceedings related to permitting, we do not address the effect of any permitting decisions on Witham's appeal to us.

We note, however, that this case stands as an example of the confusion that may arise when a party must determine the proper administrative decision or decisions from which to appeal, a determination that may—as with timeframes for filing appeals—depend "on the nature of the local government action and whether the appeal is taken from a planning board decision [or] board of appeals decision."  *Beckford v. Town of Clifton*, 2014 ME 156, ¶ 27, --- A.3d --- (Saufley, C.J., concurring).  The Ordinance in the matter before us is not instructive on this question.  *See* Bar Harbor, Me., Land Use Ordinance § 125-103 (Jan. 2009) (authorizing an appeal "within 30 days of any [written] decision or enforcement action by a municipal body or official who or which interprets" the Land Use Ordinance); *see also* Bar Harbor, Me., Land Use Ordinance §§ 125-77 to -80 (Jan. 2009) (providing, as part of the Land Use Ordinance, for a permitting process that may result in the issuance of a certificate of occupancy).  Parties affected by municipal decision-making would benefit from efforts by the Legislature, or individual municipalities, to specify how and when to appeal from municipal decisions.  *See Beckford*, 2014 ME 156, ¶ 29, --- A.3d --- (Saufley, C.J., concurring).

## II. DISCUSSION

[¶7]  We conclude that the appeal before us is moot because Witham did not appeal from the Planning Board's May 19, 2010, decision approving the proposed site plan or from the Planning Board's May 2012 approval of an amended site plan. "Courts cannot issue opinions on questions of fact or law simply because the issues are disputed or interesting.  Courts can only decide cases before them that involve justiciable controversies." *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239.  "Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character . . . ." *Id.* (quotation marks omitted).  "If a case does not involve a justiciable controversy, it is moot," *id.* ¶ 13, because there are insufficient "practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources," *Clark v. Hancock Cnty. Comm'rs*, 2014 ME 33, ¶ 11, 87 A.3d 712 (quotation marks omitted).  Witham's appeal is moot because a ruling on the superseded decision would not produce "sufficient practical effects . . . to justify the application of limited judicial resources." *Id.* (quotation marks omitted).

[¶8]   Even if the Planning Board had correctly initially denied the application for site plan approval on March 17, 2010, the Planning Board's May 19, 2010, decision approving the site plan contained a new finding and

6

imposed specific conditions. That approval remains in effect, as does the Planning Board's later approval of the amended site plan in May 2012. No appeal was taken from either of those decisions, and the hotel is now fully operational.

[¶9]  Although there are exceptions to the mootness doctrine, *see Lewiston Daily Sun*, 1999 ME 143, ¶ 17, 738 A.2d 1239, none of them applies here because the collateral consequences that would flow from the decision are not "more than conjectural and insubstantial consequences," *Sordyl v. Sordyl*, 1997 ME 87, ¶ 6, 692 A.2d 1386 (quotation marks omitted); the appeal does not present an issue of great public concern, *see Lewiston Daily Sun*, 1999 ME 143, ¶ 17, 738 A.2d 1239; and the issues in this case are not so fleeting that, though capable of repetition, they evade review, *see id.* Because the controversy on appeal is moot and no exception to the mootness doctrine applies, we dismiss the appeal.[3]

The entry is:

Appeal dismissed.

---

[3]  Even if we decided, given the unusual procedural posture of this case, that we should reach the substantive issues raised on appeal, we agree with the court that (1) the proposed building does not violate the height restrictions of the Ordinance because a rooftop pool with a deck does not constitute an additional story of habitable space, *see* Bar Harbor, Me., Land Use Ordinance §§ 125-21(G)(2), 125-108(A) (Jan. 2009); *Merriam-Webster's Collegiate Dictionary* (2012) (defining "story" as "the space in a building between two adjacent floor levels or between a floor and the roof" and "habitable" to mean "capable of being lived in: suitable for habitation"), and (2) the proposed parking plan did not violate the parking requirements of the ordinance, *see* Bar Harbor, Me., Land Use Ordinance §§ 125-67(B)(4)(b), (D)(3)(b)(2), 125-109(TRANSIENT ACCOMMODATIONS)(H) (Jan. 2009).

**On the briefs:**

John C. Bannon, Esq., and John B. Shumadine, Esq., Murray, Plumb & Murray, Portland, for appellant The Witham Family Limited Partnership

William B. Devoe, Esq., P. Andrew Hamilton, Esq., and Jonathan A. Pottle, Esq., Eaton Peabody, Bangor, for appellee North-South Corporation

The Town of Bar Harbor did not file a brief

**At oral argument:**

John C. Bannon, Esq., for appellant The Witham Family Limited Partnership

P. Andrew Hamilton, Esq., for appellee North-South Corporation

Business and Consumer Docket docket number AP-13-06
FOR CLERK REFERENCE ONLY