MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 57
Docket:        Cum-15-200
Argued:        February 10, 2016
Decided:       April 14, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

MAINERS FOR FAIR BEAR HUNTING et al.

v.

DEPARTMENT OF INLAND FISHERIES AND WILDLIFE et al.

SAUFLEY, C.J.

[¶1]   In September 2014, Mainers for Fair Bear Hunting and Katie Hansberry filed a complaint in the Superior Court contending that the Department of Inland Fisheries and Wildlife's campaign activities in opposition to a question scheduled to appear on the 2014 referendum election ballot constituted an ultra vires expenditure of public funds.  In November 2014, Maine voters defeated the ballot question.  In March 2015, the court (Cumberland County, *Wheeler, J.*) dismissed the complaint as moot.  MFBH appealed.  We affirm the judgment.

## I. BACKGROUND

[¶2]   Mainers for Fair Bear Hunting is a Maine ballot question committee that was the proponent of November 2014 Ballot Question 1, concerning bear baiting, hunting, and trapping.  The Department is a State agency charged with the administration and enforcement of the inland fisheries and wildlife statutes.  Maine

2

Wildlife Conservation Council was the Question 1 opposition ballot question committee.[1]

[¶3]  As early as September 2013, the Department used agency resources to communicate with the public in opposition to Question 1 in a variety of ways.  On September 30, 2014, MFBH filed a complaint against the Department, alleging that the Department's campaign activities were not authorized by statute and harmed MFBH's campaign.[2]  The complaint requested that the court, in addition to any other appropriate relief, permanently enjoin the Department from using agency resources to oppose Question 1; order the Department to remove political content from publicly available sources; and order that the television advertisement produced using Department resources be removed from the air.  After filing the complaint, MFBH filed a motion for a temporary restraining order and a preliminary injunction, which the court denied after hearing arguments.  *See Mainers for Fair Bear Hunting v. Me. Dep't of Inland Fisheries & Wildlife*, No. CV-14-414, 2014 Me. Super. LEXIS 117 (Oct. 22, 2014).[3]

---

[1]  The Maine Wildlife Conservation Council was not originally named in the complaint.  It filed a motion to intervene after the complaint was filed, which the court (*Wheeler, J.*) granted.

[2]  The complaint also included another count, which alleged that the Department had violated the Freedom of Access Act.  *See* 1 M.R.S. §§ 400-414 (2015).  That count was dismissed and is not part of our review on appeal.

[3]  On appeal, Mainers for Fair Bear Hunting asks us to (1) consider the merits of the court's denial of the TRO, or, in the alternative, (2) vacate the court's denial of the TRO under the equitable doctrine of vacatur.  *See Mainers for Fair Bear Hunting v. Me. Dep't of Inland Fisheries & Wildlife*, No. CV-14-414,

[¶4] Following the defeat of Question 1 in November 2014, the Department filed a motion to dismiss MFBH's complaint on the grounds of mootness and standing. On March 31, 2015, the court granted the motion to dismiss, concluding that the matter was moot. This appeal followed.

## II. LEGAL ANALYSIS

A. Mootness

[¶5] "We review de novo the trial court's determination of mootness." *Clark v. Hancock Cty. Comm'rs*, 2014 ME 33, ¶ 11, 87 A.3d 712 (quotation marks omitted). An issue is moot when there remains no "real and substantial controversy, admitting of specific relief through a judgment of conclusive character." *Id.* (quotation marks omitted). A controversy that declares rights "upon a state of facts that may or may not arise in the future" is not justiciable. *Doe I v. Williams*, 2013 ME 24, ¶ 15, 61 A.3d 718 (quotation marks omitted).

[¶6] MFBH recognizes that the election is over; therefore, MFBH is no longer campaigning in support of Question 1 and the Department is no longer expending agency resources in opposition to Question 1. It nonetheless argues that the case is not moot because Department activity continues to harm MFBH's

---

2014 Me. Super. LEXIS 117, (Oct. 22, 2014). Because the court's denial of the temporary restraining order does not constitute a final judgment, we decline to consider the merits of the denial on appeal. *See Aubry v. Town of Mount Desert*, 2010 ME 111, ¶ 4, 10 A.3d 662. Similarly, given that the court's only action was the denial of a TRO, we are not persuaded that MFBH has met its burden of demonstrating entitlement to the remedy of vacatur. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *Thanks But No Tank v. Dep't of Envtl. Prot.*, 2013 ME 114, ¶¶ 11-12, 86 A.3d 1.

4

"ongoing efforts" to legislate bear baiting, hunting, and trapping. This alleged harm does not present a "real and substantial controversy" that could be addressed through "specific relief." *Clark*, 2014 ME 33, ¶ 11, 87 A.3d 712. Any relief that MFBH will obtain is theoretical, depending on whether it becomes involved in a future ballot initiative. *See Doe I*, 2013 ME 24, ¶ 15, 61 A.3d 718. Thus, the case is moot.

B.    Exceptions to the Mootness Doctrine

[¶7]  Cases that are moot may nonetheless be considered if at least one of the three following exceptions to the mootness doctrine applies:

> (1)  sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public we may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

*Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1380 (Me. 1996). MFBH argues that both the "questions of great public concern" and "issues capable of repetition but evading review" exceptions to the mootness doctrine apply.

[¶8]  "In deciding whether an issue meets the public interest exception, we consider the following criteria: whether the question is public or private, how much court officials need an authoritative determination for future rulings, and how likely the question is to recur in the future." *Sparks v. Sparks*, 2013 ME 41, ¶ 11,

65 A.3d 1223 (quotation marks omitted). Here, the issue of whether State agencies may use public funds to campaign in support of, or in opposition to, political issues is undoubtedly of public interest.

[¶9]   However, the core question at issue in this case is not a generic question; rather, the question presented is the specific agency's authority in the context of the facts at issue. Each State agency's authority turns on its individual enabling statute.  *Compare* 12 M.R.S. § 10051 (2015) (Department of Inland Fisheries and Wildlife), *with* 7 M.R.S. § 1 (2015) (Department of Agriculture, Conservation and Forestry), *and* 22-A M.R.S. § 201 (2015) (Department of Health and Human Services).  Although the question may recur, the extent of an agency's statutory authority, the actions taken by the agency, and the context of those actions will vary and are not predictable.  An interpretation of the Department's enabling statute in the context of this now-concluded action may have little authoritative value in future litigation.  Therefore, the public interest exception does not apply.  *Cf. Campaign for Sensible Transp. v. Me. Turnpike Auth.*, 658 A.2d 213, 216 (Me. 1995).[4]

---

[4]   *See also Consumers for Affordable Health Care, Inc. v. Superintendent of Ins.*, 2002 ME 158, ¶¶ 19-21, 809 A.2d 1233 (holding that the public interest exception was appropriate to interpret a conversion statute because an improper interpretation of the statute would affect access to health care in a way that was detrimental to the public, the organizations involved, and the administrative agency); *King Resources Co. v. Envtl. Improvement Comm'n*, 270 A.2d 863, 870 (Me. 1970) (holding that the interpretation of an ambiguous statutory provision directing the appellate process of certain environmental administrative orders, while moot in the present case, fell into the public interest exception).

6

[¶10]   The exception to the mootness doctrine for matters capable of repetition but evading review applies if there is a "reasonable likelihood that the same issues will imminently and repeatedly recur in future similar contexts." *Campaign for Sensible Transp.*, 658 A.2d at 215 (quotation marks omitted).  The inquiry is "whether the activity itself is by nature so short in duration that it will not be fully litigated before the objected to activity ends." *Nat'l Council on Comp. Ins. v. Superintendent of Ins.*, 538 A.2d 759, 764 (Me. 1988).  As noted above, it is unlikely that the question of the Department's authority will imminently and repeatedly recur.  In addition, it is far from certain that if the question were to recur, the matter could not be fully litigated before an election took place.  Thus, the exception does not apply.[5]

The entry is:

Judgment affirmed.

---

[5]  MFBH points out that we have previously applied a combination of the exceptions for questions of public concern and issues capable of repetition but evading review, and reviewed an otherwise moot case on the merits when the "specific circumstances" of the case were unlikely to recur, but the "broader issue presented" was likely to recur. *Me. Sch. Admin. Dist. No. 37 v. Pineo*, 2010 ME 11, ¶ 10, 988 A.2d 987. In that case, by hearing the case under the exceptions to the mootness doctrine, we were able to address the broader issue—the interpretation of a recently enacted statute intended to reorganize and consolidate school systems throughout the state—and render an authoritative determination that was likely to be useful in the future. *Id.* ¶¶ 12-19.  Here, were we to address the merits of the case, we would be forced to address only the narrow issue—the Department's authority under its specific enabling statute—rendering a determination unlikely to be helpful in future cases requiring interpretation of other enabling statutes. Thus, that case is distinct from the case at hand and is not controlling here.

**On the briefs:**

Rachel M. Wertheimer, Esq., Verrill Dana LLP, Portland, for appellants Mainers for Fair Bear Hunting and Katie Hansberry

Janet T. Mills, Attorney General, Emily K. Green, Asst. Atty. Gen., Scott W. Boak, Asst. Atty. Gen., and Mark A. Randlett, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Inland Fisheries and Wildlife

Paul McDonald, Esq., and Daniel J. Murphy, Esq., Bernstein Shur, Portland, for amicus curiae Maine Wildlife Conservation Council

**At oral argument:**

Rachel M. Wertheimer, Esq., for appellants Mainers for Fair Bear Hunting and Katie Hansberry

Emily K. Green, Asst. Atty. Gen., for appellee Department of Inland Fisheries and Wildlife

Paul McDonald, Esq., for amicus curiae Maine Wildlife Conservation Council

Cumberland County Superior Court docket number CV-2014-414
FOR CLERK REFERENCE ONLY