MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 31
Docket:      Yor-16-72
Argued:      September 15, 2016
Decided:     February 24, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## GUARDIANSHIP OF ALISHA K. GOLODNER

PER CURIAM

[¶1]  Daniel Golodner has appealed from a judgment of the York County Probate Court (*Longley, J.*) denying his petition to terminate the guardianship of his minor daughter, Alisha K. Golodner.  We dismiss the appeal to the extent that it presents issues that have become moot; vacate and remand the portion of the judgment relating to the sole issue that has not become moot—the court's order regarding guardian ad litem (GAL) fees as a sanction; vacate any stay currently in effect in the Probate Court arising out of this appeal; and order the immediate return of the case file to the Probate Court with a directive that it take action regarding Alisha's care.

## I.  BACKGROUND

[¶2]  In March 2011, the York County Probate Court (*Bailey, J.*) appointed Daniel's stepmother, Gail Golodner, as Alisha's full, permanent guardian.

*See* 18-A M.R.S. § 5-204 (2016). Daniel filed a petition to terminate the guardianship in June of 2014.[1] *See* 18-A M.R.S. § 5-212 (2016).

[¶3] In November of 2015, Ashley T. Birkbeck and Donald L. Birkbeck filed a petition "to be appointed as standby or alternate guardians in the case of incapacity o[r] death of the current guardian," which Daniel opposed.

[¶4] In January of 2016, the court (*Longley, J.*) held a two-day hearing that it described, in a pretrial order, as "possibly one long, consolidated hearing day for all pending matters." On the second day of the hearing, the GAL testified that Daniel had left a telephone message for him after the first day of the hearing accusing him of "slander" and "libel" and threatening to "fil[e] a grievance with the Maine Bar" depending on "how [he] perform[ed] between now and the end of the trial or the end of the matter."

[¶5] After the hearing, the court denied Daniel's petition to terminate the guardianship upon finding that (1) Gail proved, by clear and convincing evidence, that Daniel is unfit to parent Alisha and (2) Daniel failed to prove, by a preponderance of the evidence, that termination of the guardianship would

---

[1] In December of 2014, while his petition to terminate the guardianship was pending, Daniel also filed a "motion for immediate relief" from the judgment establishing the guardianship. *See* M.R. Prob. P. 60(b); M.R. Civ. P. 60(b)(3), (4), (6). After a hearing, the court (*Longley, J.*) denied that motion. All Rule 60(b) motions must "be made within a reasonable time," and a motion for relief based on fraud or misrepresentation must be made "not more than one year after the judgment, order, or proceeding was entered or taken." M.R. Civ. P. 60(b). It is not clear from the record why the court authorized and entertained Daniel's Rule 60(b) motion, years after the order establishing the guardianship was entered and while Daniel's petition for termination of the guardianship was pending.

be in Alisha's best interest. The court also ordered that Daniel pay fees for work performed by the GAL as "a necessary consequence" for Daniel's threatening conduct between the first and second days of the hearing. No evidence was presented concerning the issue of whether appointing the Birkbecks as co-guardians or "standby or alternate" guardians would be in Alisha's best interest, and the court did not rule on the Birkbecks' petition.

[¶6] Daniel timely appealed from the denial of his petition to terminate the guardianship, challenging the sufficiency of the evidence supporting the court's unfitness determination and its decisions (1) denying "transitional arrangements" and (2) ordering payment of the GAL's fees. He also challenged, on several grounds, the court's denial of his motion for immediate relief from the judgment appointing Gail as Alisha's full guardian.

[¶7] On February 17, 2017, Gail's attorney notified us that Gail died on February 13, 2017. Daniel has presented us with a motion for relief from the Probate Court's order asking us to "clarify and settle his status as sole custodian." In response, Gail's attorney urges us to reach the merits of the appeal or, in the alternative, remand the case to the Probate Court for a hearing on the Birkbecks' petition.

## II. DISCUSSION

A.    Mootness

[¶8]   "An issue is moot when there remains no real and substantial controversy, admitting of specific relief through a judgment of conclusive character." *Mainers for Fair Bear Hunting v. Dep't of Inland Fisheries & Wildlife*, 2016 ME 57, ¶ 5, 136 A.3d 714 (quotation marks omitted); *see* Alexander, *Maine Appellate Practice* § 205 at 211 (4th ed. 2013) ("When no decision on the appeal can afford the appellant any effective relief, the appeal will be dismissed as moot.").  By operation of law, a guardianship terminates when the guardian dies because the guardian can no longer exercise her "authority and responsibility." 18-A M.R.S. § 5-210 (2016); *see Guardianship of Chamberlain*, 2015 ME 76, ¶ 27, 118 A.3d 229.  Because Gail's guardianship of Alisha terminated upon Gail's death, a decision on Daniel's appeal from the denial of his petition to terminate the guardianship would not provide him any effective relief.  The substance of Daniel's appeal, including his challenge to the denial of his motion for relief from the judgment establishing Gail's guardianship, is therefore moot.

[¶9]   In limited circumstances, we will still address the merits of a moot issue on appeal.  *See Bailey v. Dep't of Marine Res.*, 2015 ME 128, ¶ 4, 124 A.3d 1125 (discussing the "three generally recognized exceptions to the mootness doctrine that may justify addressing the merits of an otherwise moot issue on

appeal"). Here, however, we are not persuaded by Gail's attorney's argument that the "public interest" exception to the mootness doctrine applies, *see Mainers for Fair Bear Hunting*, 2016 ME 57, ¶ 9 & n.4, 136 A.3d 714; *cf. In re Walter R.*, 2004 ME 77, ¶ 12, 850 A.2d 346, and neither party has urged or demonstrated that any other exception applies.[2]  Accordingly, we dismiss Daniel's appeal, with the single exception of the issue of the court's order that Daniel pay GAL fees as a sanction, as discussed below.  Daniel's motion for relief before us is denied.

[¶10]  In order to facilitate a swift transition of care for Alisha, any stay of proceedings currently in effect in the Probate Court by virtue of Daniel's appeal is hereby vacated.  We also order the immediate return of the case file to the Probate Court and immediate action in the Probate Court regarding Alisha's care.

B.  Payment of GAL Fees as a Sanction

[¶11]  To the extent that the court erred or abused its discretion by ordering Daniel to pay GAL fees as a sanction, our decision on Daniel's challenge to that portion of the court's judgment could afford Daniel effective relief.  This issue therefore still presents a "real and substantial controversy," *Mainers for*

---

[2] In fact, Daniel appears to argue affirmatively that his appeal is moot.

*Fair Bear Hunting*, 2016 ME 57, ¶ 5, 136 A.3d 714 (quotation marks omitted), and is not moot, so we address it here.

[¶12]  The court stated, in relevant part:

Concerning a necessary consequence for [Daniel]'s threat to the [GAL], this [c]ourt also orders that the GAL tally his hours in writing his [r]eport for this [c]ourt and his post-Jan. 15, 2015 hours in fielding [Daniel]'s threatening phone messages and his having to appear in court today as a witness, use his usual professional rate of compensation and add the total resulting amount to his bill, which this [c]ourt orders [Daniel] to pay.

In general, we review an award of fees based on a party's misconduct for an abuse of discretion.  *Woolridge v. Woolridge*, 2008 ME 11, ¶ 11, 940 A.2d 1082.

[¶13]  Several aspects of the court's order in this case compromise our ability to undertake meaningful review.  First, the court has not yet entered an order stating the specific amount owed as a sanction.  *See Conservatorship & Guardianship of Ann B. Thomas*, 2017 ME 11, ¶¶ 5-7, 10, --- A.3d ---.  Second, the order does not make clear what rate of pay is to be used or what hours are to be compensated.  It is unclear whether the court intended to require Daniel to pay only the fees associated with the specific tasks mentioned (one of which—preparing the GAL report—is unrelated to Daniel's threatening telephone message), or whether it intended to require him to pay for all GAL fees

generated throughout the proceedings.[3]  Third, the nature of the sanction—the court's source of authority—is also unclear.  We cannot tell, from the order or the transcript of the hearing, whether the court intended to impose the sanction pursuant to its contempt power, *see* M.R. Civ. P. 66, pursuant to its "inherent authority to sanction parties . . . for abuse of the litigation process," *see Cimenian v. Lumb*, 2008 ME 107, ¶ 11, 951 A.2d 817 (quotation marks omitted), or pursuant to some other basis of authority.  In any case, in order to protect Daniel's due process rights, *see, e.g.*, *Kirkpatrick v. City of Bangor*, 1999 ME 73, ¶ 15, 728 A.2d 1268, the court should have afforded him an opportunity to respond to the evidence against him.  *See* M.R. Civ. P. 66(c), (d) (setting forth procedures, including notice and hearing, that apply when contempt occurs outside the presence of the court); *Guardianship of Isabella Ard*, 2017 ME 12, ¶¶ 17-24, --- A.3d --- (vacating a sanction sounding in contempt where the court did not implement the process required by M.R. Civ. P. 66); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991) ("*As long as a party receives an appropriate hearing*, . . . the party may be sanctioned [pursuant to the court's inherent authority] for abuses of process occurring beyond the courtroom . . . ." (emphasis added)).

---

[3] The issue is further confused by the fact that the order appointing the GAL provided that Daniel was to be responsible for one hundred percent of the GAL's fees.

8

[¶14]  In sum, although we otherwise dismiss the appeal, we vacate the portion of the court's order relating to the payment of GAL fees and remand the matter for the court to reconsider that issue.  In addition, we vacate any stay currently in effect in the Probate Court arising out of this appeal and order the immediate return of the case file to the Probate Court with the directive that it take action regarding Alisha's care.  Finally, we deny Daniel's motion for relief from judgment presented to us.

The entry is:

> Order vacated with respect to the payment of GAL fees and remanded for reconsideration of that issue.  In all other respects, appeal dismissed.  Any stay arising out of the appeal vacated.  Case file to be returned immediately to the Probate Court with the directive that it take expedited action regarding Alisha's care. Motion for relief from judgment denied.  Decision to certify immediately. MANDATE TO ISSUE IMMEDIATELY.

David P. Mooney, Esq. (orally), Portsmouth, New Hampshire, for appellant Daniel Golodner

Dana E. Prescott, Esq. (orally), Prescott Jamieson Murphy Law Group, LLC, Saco, for appellee Gail Golodner

York County Probate Court docket number 2010-0676(1)
FOR CLERK REFERENCE ONLY