MAINE SUPREME JUDICIAL COURT Reporter of Decisions
Decision:    2018 ME 95
Docket:      Cum-17-368
Argued:      March 7, 2018
Decided:     July 12, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

BRUNSWICK CITIZENS FOR COLLABORATIVE GOVERNMENT et al.

v.

TOWN OF BRUNSWICK

SAUFLEY, C.J.

[¶1]  Brunswick Citizens for Collaborative Government, Robert Baskett, and Soxna Dice (collectively, Citizens) appeal from a judgment entered in the Superior Court (Cumberland County, *L. Walker, J.*) determining Citizens' M.R. Civ. P. 80B petition for review to be moot and granting judgment in favor of the Town on Citizens' complaint for a declaratory judgment.  Citizens contends that the court erred when it declared that the Brunswick Charter does not authorize a voter initiative to overrule a Town Council decision to sell a piece of residential property owned by the municipality.  We affirm the court's determination that the Rule 80B petition is moot, vacate the declaratory judgment as moot, and remand for dismissal of the complaint in its entirety.

2

[¶2] The following facts are not in dispute. The Town of Brunswick acquired waterfront property at 946 Mere Point Road in a tax delinquency foreclosure in 2011. On September 19, 2016, the Town Council voted to sell the property. The marketing of the property proceeded, and the sale was completed on June 15, 2017.

[¶3] One month after the Council voted to sell the property, five Brunswick residents obtained petitions from the Town Clerk to begin initiative proceedings to enact an ordinance—focused on the specific property at issue— that would require the Town to retain the parcel for use as a public park and for access for shellfish harvesters. On January 27, 2017, petition forms containing the requisite number of signatures were returned to the clerk, who referred them to the Council to determine whether to set a date for a public hearing on the proposed ordinance. At its next meeting, the Town Council rejected a motion to put the proposed ordinance out to a vote and accepted a motion to take no further action on the petition.[1]

---

[1] The Council had received advice from its attorney and from the legal services division of the Maine Municipal Association that the petitions, although ostensibly made pursuant to the initiative power, actually sought a referendum because the petitions sought to override an act of the Council. *See* Brunswick, Me. Charter §§ 1101, 1105 (2017). Because the Charter permits a referendum to be used to override ordinances only, and because the Council had not acted by ordinance in voting to sell the property, the attorneys advised that the petitions were not authorized by the Charter.

[¶4]  On February 21, 2017, Citizens filed a Rule 80B petition for review of the Council's decision to take no action on the initiative petition and a complaint for declaratory judgment.  *See* M.R. Civ. P. 80B; 14 M.R.S. § 5954 (2017).  Citizens sought a declaration that the Town Charter permits voters to enact, by initiative, an ordinance that would have the effect of overturning the Council's decision to sell the property.  *See* Brunswick, Me. Charter § 1105.  The parties submitted an agreed-to statement of fact, and both parties filed briefs with the court.[2]

[¶5]  The Superior Court (Cumberland County, *L. Walker, J.*) issued a judgment on August 7, 2017—almost two months after the property had been sold.  On the Rule 80B petition, the court concluded that the Town had acted outside the bounds of its discretion in declining to hold a public hearing on the proposed ordinance.  It determined, however, that the issue had been rendered moot by the sale of property.[3]

---

[2]  The parties appropriately filed Rule 80B briefs regarding the appeal from the Town's process, and apparently combined those briefs with arguments on the declaratory judgment action, to be tried on stipulated facts.

[3]  Although it likely intended to do so, the court did not issue an order dismissing the Rule 80B petition for review after determining that the sale of the property rendered the petition moot.  For this reason, we remand with instruction to dismiss the entire complaint, including both the Rule 80B petition and the declaratory judgment action.

[¶6]  The court then granted judgment in favor of the Town on the central issue, however, entering a declaratory judgment that the voters could not utilize the initiative provision in the Town Charter to override the Council vote to sell the property.  Citizens timely appealed.  *See* M.R. App. P. 2B(c).

[¶7]  "Courts can only decide cases before them that involve justiciable controversies."  *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239.  In general, a case is moot and therefore not justiciable if "there are insufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources."  *Witham Family Ltd. P'ship v. Town of Bar Harbor*, 2015 ME 12, ¶ 7, 110 A.3d 642 (quotation marks omitted).   The Declaratory Judgments Act, 14 M.R.S. §§ 5951-5963 (2017), "does not present an exception to the justiciability rule."  *Lewiston Daily Sun*, 1999 ME 143, ¶ 20, 738 A.2d 1239.  We review questions of justiciability de novo.  *See McGettigan v. Town of Freeport*, 2012 ME 28, ¶ 10, 39 A.3d 48.

[¶8]  There can be no question that the sale of the property at issue here rendered Citizens' declaratory judgment action, like its Rule 80B petition, moot.  No declaration by the court could create any legal impediment to the sale of the property that had been completed in June.  Thus, no relief that the court could have granted would have any "practical effect" on Citizens' rights or interests

with respect to the property. *See Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1380 (Me. 1996) (dismissing as moot an appeal from the denial of a conditional use permit where the intervening sale of property rendered any relief meaningless).

[¶9]  Citizens argues nonetheless that its complaint for a declaration of the law fits within the exception to our mootness jurisprudence permitting review of "questions of great public concern."[4]  *See Mainers for Fair Bear Hunting v. Dep't of Inland Fisheries & Wildlife*, 2016 ME 57, ¶ 8, 136 A.3d 714. When we address the exception for matters of "great public concern," we ask "whether the question is public or private, how much court officials need an authoritative determination for future rulings, and how likely the question is to recur." *Id.* (quotation marks omitted).

[¶10]  The central question presented by Citizens is whether the Brunswick Charter authorizes voters to create—by initiative—an ordinance that would have the effect of overturning a Council vote to sell property.  This question is "public" in nature.  It deals with the rights of Brunswick residents

---

[4]  Nothing in the record suggests—and Citizens does not argue—that either the "collateral consequences" exception or the exception for issues that are "capable of repetition but evade review" applies in this case. *See Mainers for Fair Bear Hunting v. Dep't of Inland Fisheries & Wildlife*, 2016 ME 57, ¶ 7, 136 A.3d 714 (quoting *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1380 (Me. 1996)).

6

and the authority of the Council.  However, the authoritative value of any ruling is minimal.  The interpretation of the Brunswick Charter may have little bearing on other town charters, and Citizens has presented no evidence that this specific question will recur in a similar fashion such that our guidance is necessary.  *See Mainers for Fair Bear Hunting*, 2016 ME 57, ¶¶ 9-10, 136 A.3d 714; *Ten Voters of the City of Biddeford v. City of Biddeford*, 2003 ME 59, ¶ 7, 822 A.2d 1196 ("The mere possibility that other . . . voters sometime in the future may be discouraged by the existence of the provision is not enough to warrant judicial intervention.").  The exception for cases of great public concern does not apply.

[¶11]  In sum, given the timing of the court's judgment here, no declaration by the Superior Court could provide Citizens with any meaningful relief once the property that was the subject of this litigation was lawfully sold, and no exception to our mootness jurisprudence applies.  The court correctly determined the Rule 80B petition to be moot and should have done the same regarding the declaratory judgment action.

The entry is:

> Judgment determining Rule 80B petition to be moot affirmed.  Declaratory judgment vacated. Remanded for dismissal of the entire complaint.

David A. Lourie, Esq. (orally), Cape Elizabeth, for appellants Brunswick Citizens for Collaborative Government, Robert Baskett, and Soxna Dice

Stephen E.F. Langsdorf, Esq. (orally), and Kristin M. Collins, Esq., Preti Flaherty Beliveau & Pachios LLP, Augusta, for appellee Town of Brunswick

Cumberland County Superior Court docket number AP-2017-06
FOR CLERK REFERENCE ONLY