MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2025 ME 58
Docket:       Han-24-365
Argued:       May 6, 2025
Decided:      July 1, 2025

Panel:        STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and LIPEZ, JJ.

MONIKA MCCALLION et al.

v.

TOWN OF BAR HARBOR et al.

LIPEZ, J.

[¶1]   Monika McCallion, Brandan McCallion, and Old Bears, LLC (collectively, the McCallions), appeal from a judgment of the Superior Court (Hancock County, *Stewart, J.*) affirming a decision of the Bar Harbor Board of Appeals upholding the issuance of a 2023 short-term-rental registration to W.A.R.M. Management, LLC.  Because the 2023 registration is no longer in effect, we dismiss the McCallions' appeal as moot.

## I. BACKGROUND

### A.    Facts

[¶2]   The relevant facts, drawn from the written findings of the Bar Harbor Board of Appeals, are supported by the administrative record.  *See Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 16, 868 A.2d 161 (explaining

2

that when a Board of Appeals is authorized to conduct a de novo review, the Board's decision becomes "the operative decision of the municipality" for purposes of an appeal (quotation marks omitted)); Bar Harbor, Me., Code § 125-103(D)(2)(a) (June 13, 2023).

[¶3] The Town of Bar Harbor requires annual registration of short-term-rental properties operating within the Town, and further classifies all such properties as either vacation rental-1 (VR-1) or vacation rental-2 (VR-2).[1] Bar Harbor, Me., Code § 125-69(Y)(2); *see* Bar Harbor, Me., Code § 174-4 (Mar. 7, 2023) (defining "registration" as "[a] written permission issued by the [code enforcement officer] to a property owner to operate" a short-term rental). W.A.R.M. Management, LLC, is the owner of two properties that are registered with the Town as VR-2 short-term rentals, one of which is central to the dispute here. The disputed property is in the Shoreland Limited Residential District of Bar Harbor, where VR-2s, except those that operated as registered short-term rentals prior to December 2, 2021, are prohibited. Bar Harbor, Me., Code §§ 125-7, 125-48(C), 125-69(Y)(2). W.A.R.M. operated the disputed property as a registered short-term rental before that date. To

---

[1] A VR-1 short-term rental is one located in or on "the owner's primary residence property," whereas a VR-2 is "[a]n entire dwelling unit that is not the primary residence of the property owner." Bar Harbor, Me., Code § 125-109 (June 13, 2023).

maintain nonconforming status, a property's VR-2 registration must be renewed annually. *Id.* § 125-69(Y)(2)(b). The Town's ordinance provides that "[a]ny registration not renewed by the annual expiration date (May 31) will be deemed expired, and will not be eligible for renewal." *Id.* § 125-69(Y)(2)(b)(1)(a).

[¶4] In early January 2023, a W.A.R.M. representative submitted registration renewal applications and fees via an online portal—known as IworQ—for both VR-2 properties that W.A.R.M. operates. The portal prevents applicants from paying the registration fee unless the fee is submitted in conjunction with a specific application; W.A.R.M. needed to take no further action to renew the registrations. The Town processed and accepted W.A.R.M.'s payments later that month, and the Town should have renewed both VR-2 registrations before the May 31, 2023, deadline.

[¶5] On January 10, 2023, however, the Town took the IworQ portal offline because it was not functioning properly. In the two days it took to repair the portal, the Town apparently lost one of W.A.R.M.'s registration-renewal applications. Although the Town's code enforcement officer (CEO) renewed the registration for W.A.R.M.'s other short-term rental in March 2023, the CEO was

4

not presented with the application materials for the disputed property, and no registration was issued for that property prior to the May 31 deadline.

[¶6]  The McCallions, who own two nearby lots, thereafter alerted the CEO that W.A.R.M. was operating a short-term rental without a valid registration, prompting the CEO to issue W.A.R.M. a notice of violation.  Upon further investigation, however, the CEO concluded that W.A.R.M. timely submitted its renewal application.  The CEO rescinded the notice of violation and issued a registration for the property on October 30, 2023.

## B.    Procedure

[¶7]  In a subsequent application for an administrative appeal that they filed with the Bar Harbor Board of Appeals, the McCallions asserted that the Town's ordinance did not permit the CEO to renew W.A.R.M.'s registration after May 31, 2023.[2]  *See id.* § 125-69(Y)(1)(a).  At the conclusion of a public, de novo hearing held in January 2024, the Board voted unanimously to uphold the CEO's actions.  *See id.* § 125-103(D)(2)(a).  The Board also issued a written decision memorializing its findings.

---

[2] The McCallions also challenged the CEO's decision to renew the registration on the grounds that W.A.R.M. (1) allegedly expanded its rental unit in contravention of ordinance restrictions on nonconforming uses and (2) was in violation of the ordinance's other requirements for short-term rentals.

[¶8]  On February 2, 2024, the McCallions filed in the Superior Court a Rule 80B complaint for review of the Board's decision.[3]  *See* M.R. Civ. P. 80B. While the case was pending, W.A.R.M. applied for and received a 2024 registration for the disputed property.  The McCallions did not contest the 2024 registration.  In its subsequent briefing to the Superior Court, the Town asked the court to dismiss the 80B action as moot, arguing that the 2024 registration, which had become final, supplanted the 2023 version that was the subject of the McCallions' appeal.  By judgment entered July 23, 2024, the court affirmed the Board's decision regarding the 2023 registration without addressing the Town's mootness argument.  This timely appeal followed.  *See* M.R. Civ. P. 80B(n); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶9]  The Town and W.A.R.M. contend that the appeal is moot because the 2023 registration has been superseded by the 2024 registration for the disputed property, which was not appealed.  Although the McCallions concede that the challenged registration is no longer in effect, they assert that the appeal is not moot because a decision in their favor would render W.A.R.M.'s property ineligible for further VR-2 registration as a nonconforming use.

---

[3]  The court granted W.A.R.M.'s motion to intervene as of right pursuant to M.R. Civ. P. 24(a).

[¶10]  We consider de novo whether an appeal raises a justiciable controversy.  *Brunswick Citizens for Collaborative Gov't v. Town of Brunswick*, 2018 ME 95, ¶ 7, 189 A.3d 248; *see also Witham Fam. Ltd. P'ship v. Town of Bar Harbor*, 2015 ME 12, ¶ 7, 110 A.3d 642 (reviewing an 80B appeal for mootness although the initial reviewing court did not).  "An 80B appeal, like any other case, is moot if the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed."  *Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994 (quotation marks omitted).  A case is not moot if "there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources."  *Clark v. Hancock Cnty. Comm'rs*, 2014 ME 33, ¶ 11, 87 A.3d 712 (quotation marks omitted).

[¶11]  The McCallions seek a declaration that the 2023 registration for the disputed property was invalid.  Such a declaration, they contend, will effectively break the existing chain of continuous registrations, meaning that W.A.R.M. will no longer be permitted to operate its property as a short-term rental.  If the McCallions had contested the issuance of a 2024 registration for the disputed property, the validity of the 2023 registration might have

continuing significance; because they did not, however, our adjudication of the merits will not provide "real or effective relief." *Id.* (quotation marks omitted); *see Witham Fam. Ltd. P'ship*, 2015 ME 12, ¶¶ 7-8, 110 A.3d 642. The 2024 registration, which supplanted the 2023 version that is challenged here, constitutes a final decision of the municipality that we lack the authority to disturb. *See* 30-A M.R.S. § 2691(4) (2025) ("Any such decision that is not timely appealed is subject to the same preclusive effect as otherwise provided by law."); Bar Harbor, Me., Code § 125-103(A) (requiring a party who wishes to appeal from a decision of the CEO to the Board to do so within thirty days after the CEO's decision). Thus, even if we were to conclude that the Board erred in affirming the 2023 registration, our decision would have no practical effect. *See Witham Fam. Ltd. P'ship*, 2015 ME 12, ¶¶ 7-8, 110 A.3d 642 (dismissing 80B appeal as moot "because a ruling on the superseded [Planning Board] decision would not produce sufficient practical effects to justify the application of limited judicial resources" when subsequent decisions of the Planning Board were not appealed (alteration and quotation marks omitted)); *Carroll F. Look Constr. Co.*, 2002 ME 128, ¶ 7, 802 A.2d 994 (explaining that "in the absence of any practical consequences, [a court's decision] would be a meaningless abstract decision that the mootness doctrine is intended to prevent").

[¶12]  The McCallions urge us to consider that the 2024 registration has now been supplanted by a 2025 version, which the McCallions *have* appealed to the Board.  But that appeal is not before us, and we will not find a justiciable controversy based "upon a state of facts that may or may not arise in the future." *Mainers for Fair Bear Hunting v. Dep't of Inland Fisheries and Wildlife*, 2016 ME 57, ¶ 5, 136 A.3d 714 (quotation marks omitted).

[¶13]  Finally, although we will reach the merits of an otherwise moot appeal when "sufficient collateral consequences will result from the determination of the questions presented so as to justify relief" or "the issues are capable of repetition but evade review because of their fleeting or determinate nature," *Clark*, 2014 ME 33, ¶ 13, 87 A.3d 712 (quotation marks omitted), neither exception applies to this case.[4]  No collateral consequences are evident.  As noted, the lack of an appeal from the 2024 registration forecloses any relief stemming from a decision regarding the validity of the 2023 registration.  And there is no reasonable likelihood that the idiosyncratic issue this case presents—whether the CEO may belatedly approve a timely registration application that the Town lost due to a computer glitch—"will

---

[4] The McCallions do not argue that a third exception to the mootness doctrine—where the "appeal contains questions of great public concern," *Clark v. Hancock Cnty. Comm'rs*, 2014 ME 33, ¶ 13, 87 A.3d 712 (quotation marks omitted)—applies.

imminently and repeatedly recur in future similar contexts," *Mainers for Fair Bear Hunting*, 2016 ME 57, ¶ 10, 136 A.3d 714 (quotation marks omitted). Thus, no exception to the mootness doctrine justifies our review, and the appeal must be dismissed as moot.[5]

The entry is:

Appeal dismissed.

_____

Colin W.B. Chard, Esq. (orally), Robinson, Kriger & McCallum, Portland, for appellants Monika McCallion, Brandan McCallion, and Old Bears, LLC

Timothy A. Pease, Esq., and Jonathan P. Hunter, Esq. (orally), Rudman Winchell, Bangor, for appellee Town of Bar Harbor

David A. Lourie, Esq., Cape Elizabeth, for appellee W.A.R.M. Management, LLC


Hancock County Superior Court docket number AP-2024-1
FOR CLERK REFERENCE ONLY

_____

[5] Because we conclude that this appeal is moot, we do not reach the parties' additional arguments.